JOSEPH KUMLER, Appellant, *vs.* JOSEPH FERGUSON, Respondent.

APPEAL FROM THE DISTRICT COURT OF CARVER COUNTY.

On an issue as to what was the real consideration agreed to be paid for land, the sum stated in the deed, and acknowledged to have been received, may be contradicted by parol.

On such an issue, the negotiations between the parties prior to the execution of the deed, are admissible in evidence to show what was the consideration agreed upon. The value of the land at the time of the sale may also be proved.

Where conflicting testimony has been given upon an issue of fact, the report of the referee should not be disturbed without the most cogent reasons.

### Points and Authorities for Appellant.

I.—The finding of the referee that the conveyance of the land by Plaintiff to Defendant, was made in pursuance of the propositions and conversations had at Millville, in Ohio, is entirely unsupported by evidence, and is directly against the evidence, both of Plaintiff, and as shown by Defendant's letters, A, B, C and E, (folios 29 to 42 inclusive.)

II.—It appears that the conveyance of the land was made by Plaintiff to Defendant, with a view on the part of Plaintiff of defrauding his creditors, and not with a view of making a final sale thereof at any price; that the sum mentioned in the deed, as the consideration, was inserted without the knowledge or privity of the Defendant, and for the purpose,

in the classic language of the Plaintiff in letter B, of showing no " defraud " in the matter; and that on the part of the Defendant, the conveyance was taken and accepted for the purpose of securing the sum of $585 and interest, which he had loaned to Plaintiff under the contract referred to in letter D. The Plaintiff and Defendant are not in *pari delicto*. The Plaintiff attempts, by the conveyance, to defeat the claims of creditors at all events. The Defendant accepts the conveyance to secure a *bona fide* indebtedness.

Points and Authorities of Respondent.

I.—The consideration of a deed is always open to explanation; not for the purpose of showing that there was not any consideration, but to show what the actual consideration was. The receipt contained in a deed, like any other simple receipt, is only *prima facie* evidence. For the purpose of showing what the actual consideration of the deed from Plaintiff to Defendant in this case was, evidence of the conversation between them, touching the contract of sale, was competent and admissible.

II.—The parties disagreed as to the contract of sale, and the amount of the consideration for the deed from Plaintiff to Defendant. The value of the land at the time was a circumstance of much significance, in giving preponderance to the testimony of the Plaintiff, and for that purpose (and it was offered only for that purpose) it was competent and admissible.

III.—It is quite clear that the proposition of the Plaintiff to the Defendant to sell the land for $1600 ripened into a contract which was in fact consummated by the deed and notes, whatever may have been the motives inducing it. The circumstances disclosed by the testimony all tend to that conclusion.

The referee having found, under such state of testimony and as matter of fact, that the consideration of the deed was $1600, and that the notes were given for the balance thereof after deducting the $600 which Plaintiff owed Defendant, this Court will not disturb that finding, but will treat it as

they would the verdict of a jury finding the same result upon the same testimony.

IV.—The Defendant does not in his answer claim that the contract, in execution of which the deed and notes were given, was corrupt or *contra bonos mores*, but admits an honest indebtedness to Plaintiff of several hundred dollars for the land. The only issue that he makes is upon the amount. That is purely a question of fact, upon which the parties have given conflicting testimony, and the referee has passed upon it as such. His finding is conclusive, and the Defendant cannot *now* be permitted to impeach that finding by alleging that the contract was designed as a fraud upon the Plaintiff's other creditors. He cannot now avoid his liability for any such cause, and his attempt to do so, and at the same time to escape the opprobrium which his effort fixes upon himself, does not commend him to favor.

L. M. BROWN, Counsel for Appellant.

A. G. CHATFIELD, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The only issue made by the pleadings in this case is upon the amount the Defendant Kumler agreed to pay for the land purchased by him from Ferguson; the latter claiming that the consideration was $1600, and the former that it was $985. The Defendant, under his answer, cannot attack the sale of the land, as being a sham made to keep it from the creditors of Plaintiff, because he admits an indebtedness of $415 on the notes given for the consideration money.

The fact that the deed expressed a consideration of $1600, and acknowledged the receipt of that sum, is not conclusive. The real consideration may, in cases like the present, be shown, notwithstanding the receipt. The conversation between Plaintiff and Defendant concerning the sale of the land before giving the deed, offered in the early part of the Plaintiff's testimony, was clearly admissible under the issue; it gave the Plaintiff's version of the negotiation which term-

inated in the sale of the land, and what he claimed was the real consideration.

On an issue of this kind the actual value of the land at the time of the sale, bears very materially. If it was worth as much or more than $1600, it would go to increase the probability of the Plaintiff's theory. If on the other hand it should turn out not to have been worth over $1000, it would very much strengthen the Defendant's case. The referee was entitled to light of this fact.

Whether Noah Sinks claimed that the Plaintiff was indebted to him or not, at the time of the sale, was wholly immaterial, because there was no issue that authorized testimony to invalidate the deed. And it is not at all clear, that under an issue of fraud directly made upon the deed, the mere *claim* that the grantor was indebted, would be admissible.

The evidence was quite conflicting as to what the real consideration was understood to be between the parties, and in such cases, as we have frequently held, an appellate Court should not interfere. From a careful examination of all the testimony, any mind might hesitate as to which view to adopt, that of the Plaintiff or the Defendant. The referee may have been influenced by some circumstances that cannot be made to appear on paper, and it is for just that reason we refrain from meddling with his findings. Our views upon this question are given in the case of *Martin vs. Brown*, 4 *Minn. R.*, 282, by the Chief Justice, and in several other cases which preceded it.

The order must be affirmed.