ANTON KNOBLAUCH, *et al.*

*vs.*

CASPAR KRONSCHNABEL.

If under an executory contract for the sale of personal property of a particular quality described in the contract, the vendor transfers, in fact, to the vendee property in discharge of the contract which the vendee has not had an opportunity to examine, the vendee, if the right of property in the subject matter of the contract has not passed to him by the bargain, may receive and retain the same sufficiently long to make a fair examination thereof, and if it is substantially inferior to the property described in the contract, he may within a reasonable time refuse to accept the same, and return it to the vendor, and recover back the price paid.

The question whether a certain state of facts showed a refusal by a vendee to accept personal property tendered by the vendor in discharge of a contract of sale considered and determined affirmatively.

Where a cause is tried by the court without a jury, the finding of the

judge upon the question of fact will be of equal weight with the verdict of a jury, and will not be disturbed if there is reasonable evidence to sustain it.

A written receipt expressing the terms of an agreement for the sale of personal property, so far as it expresses the terms of the contract is the only competent evidence thereof, and cannot be contradicted by oral evidence; nor is it admissible in such case to prove the entire contract by oral evidence.

When a motion for a new trial is based upon the ground of newly discovered evidence, the evidence must not only be material and discovered since the trial, but must also be of a character that the party offering it could not with a due exercise of prudence, diligence and foresight have discovered it before or at the trial.

The parties entered into a contract for the sale and delivery of a quantity of flour by the defendant to the plaintiffs, the terms of which are set forth in the following copy of receipt or memorandum, to-wit:

"Received, Benton, July 19th, 1870, of Knoblauch & Thompson the sum of one hundred dollars, being part payment on two hundred barrels of sound flour, bought this day, said flour to be delivered unto Knoblauch & Thompson, at Carver, free of charge upon further payment of nine hundred and ten ($910) dollars.

(Rev. Stamp.)      CASPER KRONSCHNABEL."

The complaint avers the making of the contract substantially as above set out, and the payment of the full sum mentioned in the above receipt or memorandum, and " that said defendant did not, and has not, at any time delivered or offered to the plaintiffs the said two hundred barrels of flour, of the kind or quality mentioned in said contract, nor any other kind, except as hereinafter stated." The defendant denies every allegation of the complaint, " except such as are expressly admitted." He then admits that he sold to plaintiffs

two hundred barrels of flour, and that plaintiffs paid him for the same; and alleges that "he, said defendant, delivered to the said plaintiffs  *  *  *  the said two hundred barrels of flour  *  *  *  as he had agreed to do, and that the said plaintiffs·  *  *  *  accepted and received said flour without objection, and as full performance of the contract on the part of the said defendant."

The cause was tried in the district court for Carver county, before the Hon. L. M. Brown, judge, without a jury.   The facts as found by the court upon such trial are set out at length in the opinion, and a judgment was ordered for the plaintiffs.   A case was made and settled, and a motion made thereon by defendant, before Hon. A. G. Chatfield, judge, for a new trial, upon the ground that the judgment is against the law and the evidence; and also upon exception taken by defendant on the trial to the rejection of testimony, and upon the ground of newly discovered evidence, respecting which last two grounds there is a sufficient statement in the opinion.   A new trial was granted, and from the order granting the same, the plaintiffs appeal to this court.

Frank Warner, for Appellants.

Baxter & Peck, and W. A. Gorman, for Respondent.

*By the Court.*—McMillan, J.—The decision of this case turns upon the question whether there was a *delivery* of the flour under the contract.

The contract is for the sale and delivery of two hundred barrels of sound flour.

Where there has been a sale and delivery of personal property with a warranty of the thing sold, unless the return of the property, if defective, is provided for in the contract, or

there has been fraud on the part of the vendor, the vendee in case of a breach of the warranty cannot rescind the contract or return the property and recover the price paid without the consent of the vendor, but must rely upon his action for damages for the breach of the warranty. To constitute such delivery, however, there must be a transfer, actual or constructive, of the property by the vendor, in accordance with the contract and an acceptance thereof by the vendee.

But if a contract of sale of personal property of a particular quality described in the contract is made, and property inferior in quality to that contracted for is tendered by the vendor in discharge of the contract, the vendee may refuse to accept such inferior property, and recover back the contract price if it has been paid by him.

And if under an executory contract for the sale of personal property of a particular quality described in the contract, the vendor transfers *in fact* to the vendee property in discharge of the contract which the vendee has not had an opportunity to examine, the vendee, if the right of property in the subject matter of the contract has not passed to him by the bargain, may receive and retain the same sufficiently long to make a fair examination thereof, and if it is substantially inferior to the property described in the contract, he may within a reasonable time refuse to accept the same, and return it to the vendor, and recover back the price paid. *Story on Contracts,* § 848-9 ; *Addison on Contracts, p.* 188-9 ; *Street vs. Blay,* 2 *Barn. and Ad.* 456, [22 *Eng. Com. Law,* 122] ; *Parsons vs. Saxter,* 2 *Car. and K.* 266, [61 *Eng. Com. Law,* 265] ; *Toulmin vs. Hedley, Ib.* 157.

In the case at bar the contract was made on the 19th of July, 1870, at Benton ; the property was not in the presence of the parties, nor had the vendee an opportunity of examining it at that time ; it is not pretended that there was any delivery

upon that day, and it is evident that, as between the parties, the right of property in the flour did not pass by the agreement, for the delivery was to be made at a different place upon a further payment of nine hundred and ten dollars by the vendees. No sale is complete as between the buyer and seller so as to vest an immediate right of property in the buyer, so long as anything remains to be done between them. *Story on Contracts*, §§ 799, 800. If, then, there was a delivery of the goods at all, it was on the subsequent day, the 20th of July, at Carver.

His Honor, Judge Brown, who tried the cause, having found that the contract was made as set forth in his report on the 19th of July, 1870, and that one hundred dollars were paid, finds as the facts affecting this question of delivery, " that thereafter and on the 20th day of July aforesaid, the said defendant waited upon the plaintiffs at Carver, (at their place of business) and expressed his readiness to deliver said flour. And thereupon the parties, plaintiff and defendant, repaired together to a certain warehouse in the village of Carver, where the defendant had two hundred barrels of flour stored, of which the defendant made a formal delivery to the plaintiffs, by authorizing them to take and remove the same. The said flour being in barrels, no examination thereof was made by either party with any view to ascertain its quality, and the plaintiffs thereupon paid to the defendant the further sum of nine hundred and ten dollars as mentioned in said receipt and memorandum, and thereupon the said defendant departed therefrom. That pursuant to said formal delivery the plaintiffs immediately made the necessary preparations for removing said flour, and in doing so made examination of its quality. That they made examination of some eight or ten barrels taken from various parts of the said lot, and found it not of a sound or good quality, but in a damaged condition. That

Knoblauch et al. v. Kronschnabel.

thereupon they desisted from their purpose to remove said flour, and did not remove or further interfere with any part thereof under or by virtue of said contract or formal delivery· That upon the day following the said defendant returned to the village of Carver aforesaid, when the plaintiffs informed him of the condition of said flour, and refused to receive the same upon said contract, and demanded a return of the money so paid thereon as aforesaid." The question now to be considered is, Does this state of facts constitute such a delivery as in law operated to pass the title or ownership of the property to the plaintiffs ? The " formal delivery " made by the defendant to the plaintiffs mentioned by the court, is explained by the balance of the sentence in which the phrase first occurs, to have consisted in the defendant's *authorizing* the plaintiffs to take and remove the flour. This of course would constitute a delivery so far as the defendant's part in the transaction goes ; but, as we have seen, the acceptance of the property under the contract is necessary to a complete and perfect delivery. Upon the whole finding we think the facts show that there was no acceptance of the property by the plaintiffs, but that they refused to accept the same, and that, therefore, there was no delivery.

The defendant after authorizing the plaintiffs to take and remove the flour, upon receiving his money left the village, without an opportunity to the plaintiffs to make any examination thereof, which examination, unless there was a waiver of it by acceptance without it, they had a right to make. The examination was made immediately, and resulted in the discovery that the flour was not sound but damaged. The fact was communicated to the defendant on his return to the village the next day, and the flour rejected by the plaintiffs.

The facts found by the court being sufficient to sustain the conclusion of law that there was no delivery of the flour, if

there be no error in law at the trial, the only ground upon which the finding can be reversed for error therein is that there was not evidence in the case sufficient to justify the finding of facts made by the court.

The finding of a court upon a question of fact is of equal weight with the verdict of a jury, and will not be disturbed if there is reasonable evidence to sustain it, especially where, as in this case, the evidence upon the trial as to such fact was entirely oral. *Humphrey et al. vs. Havens et al.*, 12 *Minn.* 298 ; *Martin vs. Brown*, 4 *Minn.* 283 ; *Kumler vs. Ferguson*, 7 *Minn.* 442.

In determining the motion for a new trial, his Honor Judge Chatfield, seems to have considered the question of delivery, as an original one, and determined it upon the weight of the evidence as presented to him in the case settled by the parties, and arrived at a conclusion adverse to that of Judge Brown. Since there can be no doubt as to the law applicable to this case, the fact that these two learned and able judges arrive at opposite conclusions of fact upon the testimony in the case shows that there is evidence in the case sufficient to sustain a finding either way ; yet if we grant a new trial, unless upon some other ground than that we are now considering, it must be on the ground that there was not evidence to justify the finding, which would be, in effect, to say, that upon the evidence presented here the finding of the court or verdict of a jury must be for the defendant. This we are not prepared to do. There is a conflict of evidence in the case, and honest minds might well hesitate and differ as to the conclusion at which they should arrive. Under such circumstances the finding of the court ought not to be disturbed.

Upon the trial the plaintiff having, among other proof, introduced the receipt or memorandum of the contract between the parties, rested ; the defendant was thereupon called as a

Knoblauch et al. v. Kronschnabel.

witness in his own behalf, and in the course of his examination was asked by his counsel, "What was the contract that you entered into with the plaintiffs relative to the sale of the flour in question on the 19th day of July last?" to which the plaintiffs objected on the ground that "the contract had been already produced in writing." The objection was sustained and the defendant excepted. The written receipt or memorandum, so far as it expresses the terms of the agreement between the parties, is the only competent evidence of the contract, and cannot be contradicted by oral evidence. *Nelson vs. Robson*, 17 *Minn.* 284. The proof sought by the interrogatory was oral proof of the entire contract, not to explain or apply it. The question was, therefore, properly refused.

The remaining ground for a new trial urged before us, namely, newly discovered evidence, is not noticed by his Honor Judge Chatfield, the motion having been determined by him on another ground. Strenkens, the witness whose testimony is the newly discovered evidence relied on, in his affidavit, submitted on the hearing of the motion, says he was present at the time the contract was made, and saw the receipt in evidence before and after it was signed by the defendant, and that the word "sound" was not in it at the time it was signed. If he was present at the signing of the contract, Kronschnabel the defendant personally knew of his presence, and should have ascertained what his knowledge was upon the subject of the contract in order to call him as a witness if he desired his testimony. The evidence must not only be material, and discovered since the trial, but must also be of a character that the party offering it could not with a due exercise of prudence, diligence and foresight have discovered it before or at the trial. *Baze vs. Arper,* 6 *Minn.* 220, 232; *Williams vs. Baldwin,* 18 *Johns.* 489. This want of dili-

gence of the defendant is a sufficient answer to the ground of the motion.

The order appealed from is reversed.