MINNEAPOLIS HARVESTER WORKS *vs.* THOMAS BONNALLIE.

August 18, 1882.

| 29 | 373 |
|----|-----|
| 71 | 486 |

| 29 | 373 |
|----|-----|
| 107 Wis | 18 |

| 29 | 373 |
|----|-----|
| 83 | 510 |

Counterclaim for Breach of Warranty in Suit on one of Several Notes for Price.—*Geiser Threshing Mach. Co.* v. *Farmer*, 27 Minn. 428, followed to the effect that, in an action upon one of several notes given for a chattel, the defendant, alleging a breach of warranty, may interpose a counterclaim for his entire cause of action for damages growing out of the alleged false warranty.

Same — Rescission of Purchase — Inconsistent Defenses — Election.— Where the parties proceeded to trial, upon an answer which set up a false warranty upon a sale of a chattel, and a counterclaim for damages, and also alleged a rescission of the contract, which was denied by the reply, the court properly proceeded to hear the case upon the merits of the counterclaim, and withdrew from the jury the issue as to the alleged rescission.

Same—Measure of Damages—Evidence.—The correct rule of damages upon a recovery for breach of warranty in such case is the difference between the sound value of the property as represented and warranted, and its actual value, with interest. In the absence of other evidence, the purchase price is *prima facie* its value as warranted.

Plaintiff appeals from an order of the district court for Freeborn county, *Farmer*, J., presiding, refusing a new trial. A statement of the case will be found in the opinion. The note in suit given for part of the price of a reaping-machine was for $99, with interest at twelve per cent. per annum from date, August 2, 1878. At the time of the verdict, May 26, 1881, this note amounted to $132.46. The price of the reaping-machine was $185, and the date of sale was the same as that of the note, August 2, 1878. This sum, with interest at seven per cent. to the date of the verdict, amounted to $221.48, or $89.02 in excess of the amount of the note at the same date. Defendant had a verdict for $85 on his counterclaim for breach of warranty on the sale of the reaping-machine.

*Sherman Page*, for appellant.

It was error for the jury to allow interest on the damages. *McMahon* v. *N. Y. & E. R. Co.*, 20 N. Y. 469; *Smith* v. *Velie*, 60 N. Y.

106; *White* v. *Miller*, 71 N. Y. 118; Id. 78 N. Y. 393; Sedgwick on Damages, 377.

*Lovely & Morgan*, for respondent.

VANDERBURGH, J.  The plaintiff sold and delivered to the defendant a reaping-machine at the agreed price of $185, for which amount, with interest at 12 per cent., defendant gave his notes.  This suit is brought upon one of these notes, being for $99 and interest.

The defendant, in his amended answer, alleges by way of counterclaim that the sale was made with warranty of the durability, quality, and capacity of the machine, upon which he relied in making the purchase; also a breach of the same, and the falsity of plaintiff's representations in the premises.  He also sets up a claim for damages to the full amount of the purchase price, with interest.  The answer also shows that, on discovering the character of the machine, the defendant tendered it back to plaintiff, and demanded a return of his notes, which was refused.  These allegations were all denied by the reply.

On the trial the plaintiff insisted that the defendant should be confined to the issue as to the alleged rescission.  If, as was held in *Knoblauch* v. *Kronschnabel*, 18 Minn. 300, and as we think correctly, a rescission cannot be had for a breach of warranty simply, after title has passed upon the sale and delivery of a chattel, then defendant's attempted rescission was abortive, and the court was clearly right in deciding at the trial to hear the case upon the merits of defendant's counterclaim for damages.  The allegations as to the rescission were properly disregarded, and the issue thereon properly excluded from the jury by the court.  *Mandel* v. *Buttles*, 21 Minn. 391.

Although the action was upon but one of the notes, defendant was entitled to claim and prove his entire damage on establishing the false warranty, and to recover the same by way of counterclaim in this action.  *Geiser Threshing Mach. Co.* v. *Farmer*, 27 Minn. 428.

There was evidence offered at the trial, on defendant's behalf, tending to prove the warranty and breach as alleged; also, according to the statements of some of the witnesses, that the machine worked badly and unprofitably, and was of little or no practical use and value. The evidence does not impress us as being very satisfactory on this

point, but there was enough to send the case to the jury. The trial court having declined to interfere upon this ground, we are not warranted in setting aside the verdict as against evidence.

The court gave the jury the proper rule of damages, in case they found in defendant's favor, as being the difference between the value of the machine as represented and warranted, and the value thereof as it actually proved to be. They were also properly instructed that if they should find that the defendant's damages exceeded the amount due plaintiff on the note sued on, they should find for the defendant the amount of such excess. In the absence of this evidence, the purchase price will be deemed to be the value of the machine as warranted in this case. There was this evidence in the case of such value, and the jury were properly left to determine upon the evidence what its value actually was.

No instruction was asked or given in reference to interest upon the amount of defendant's recovery in case the jury should find for him, nor as to the rate. They were entitled to compute interest upon the note in plaintiff's favor at the rate claimed. They found for the plaintiff in the sum of $85. It must be presumed from the amount that this sum includes interest. Upon the assumption that the jury found the machine of trifling or no value, this verdict is consistent with the theory that the jury allowed him 7 per cent. on his damages from the date of the contract. If interest is allowable at all, this would be the correct rule to apply, for the contract must be deemed to have been broken immediately. And a careful computation, without compounding, shows that, allowing that the jury may augment the damages by including interest in such a case, the verdict must be held as within the limits of the pleadings and evidence. Conceding that the evidence entitled the defendant to a verdict, the allowance of interest by the jury was proper and just, and in conformity with the rule prevailing in this state. *Brackett* v. *Edgerton,* 14 Minn. 174, 193; *Cowley* v. *Davidson,* 13 Minn. 92. To afford the party just compensation, since his damages accrued at a definite time, he must be allowed interest, else the longer the delay the more inadequate his compensation would prove to be. *Pitsinowsky* v. *Beardsley,* 37 Iowa, 9; 2 Sedgwick on Damages, (7th Ed.) 185.

Order affirmed.