JOHNSTON HARVESTER COMPANY *vs.* GEORGE CLARK.

October 16, 1883.

**Sale of Machine — Warranty — Evidence of Necessary Repairs.**—The defendant sets up a counterclaim for damages for breach of warranty of a reaping-machine, for the price of which this action is brought. The alleged breach consists in the fact that one part of the machine was defectively made, and broke and fell apart when brought into use. *Held*, that evidence of the nature of the repairs required, and of the reasonable expense of repairing or replacing the part broken, was competent and proper on the question of damages.

**Same—Evidence—Opinion as to Value of Unsound Machine.**—*Held*, *also*, competent to show the actual value of the machine in its unsound condition, by the opinion of a witness who sold it and dealt in similar machinery, and who was made acquainted with its actual condition.

**Same — Sale by Maker — Inspection by Buyer — Latent Defects — Implied Warranty.**—Whether, in cases of executed sales of finished articles, inspected and selected by the buyer, where the seller is manufacturer as well as dealer or merchant, a warranty is implied as against latent defects, *quære*.

Appeal by plaintiff from an order of the district court for Sibley county, *Macdonald*, J., presiding, refusing a new trial.

*G. D. Emery*, for appellant.

*S. & O. Kipp*, for respondent.

VANDERBURGH, J.    This action is brought upon a note given by defendant upon the purchase of a harvesting machine. The defendant sets up a counterclaim for damages growing out of an alleged breach of an implied warranty of the character or quality of the machine. It appears to have been made up of a number of parts or pieces, separately manufactured and afterwards put together, and there was a hidden defect in one of the pieces, which, while the machine was in operation, came apart, and fell upon and broke two other pieces. The machine was otherwise sound and complete, and was susceptible of being repaired, and was, in fact, repaired by defendant.

Assuming that the evidence in this case established the existence of an implied warranty, which is not free from doubt, a breach thereof

was sufficiently proved, and the proper rule of damages would be the difference between its value as warranted and its actual value. But a defect in a new machine, made up of separate pieces joined together, might be completely repaired, and made entirely sound, and in other cases it might be approximately restored by repairs, so that the necessary expense of such repairs, especially when actually made, must be deemed material and proper evidence of the extent of the damages.

In the case at bar it appears that the machine had been some time in use by the defendant, and, hence, the measure of defendant's damages by reason of the defect in the piece which broke, would not be the difference between its sound condition when warranted, and its condition with the defective or broken piece after it had been partly worn out, but considered as otherwise sound, and as it was when sold and unused; and to this it would be proper to add, in this instance, the special damage arising from the breaking of the other pieces complained of, if properly shown to have been caused by the original defect. We think, therefore, as respects the matter of damages, upon the facts appearing, the court erred in excluding the question put to the witness Donohue, whether he knew the value of such a machine: "Just such a machine as you sold him, with those parts broken as I have described; you are not to consider the wear and tear of the machine at all." The witness was engaged in the business of selling farm machinery, sold this machine to defendant, and knew its value, and it was shown and admitted in the case that the purchase price, $145, was the value of a new machine in a sound condition, and the witness was informed of the condition of the machine as it actually was with these pieces broken. The question seems, therefore, to have been proper, in order to lay the foundation for an estimate of the damages to the machine, according to the proper rule, by a witness who may have been abundantly qualified to speak on the subject. As the result of the ruling was to shut out his testimony on a material point, we think it was substantial error.

The same remark will apply to the ruling of the court in excluding the last question put to the witness Bisson, on the cross-examination, to test the correctness of his conclusion that the machine was worth-

less, in which the witness was asked how much less it was actually worth after its repair by replacing the broken parts with new ones. Other errors complained of, in the exclusion of offers of evidence as to the cost of repairs made, seem to have been cured by the subsequent answers of the witnesses.

As to the plaintiff's request for an instruction to the jury by the court, to the effect that the actual damages in the case was the cost of the repairs, it is sufficient to say that the entire cost of the repairs was not shown. That portion of the general charge of the court which gave, as the proper rule for ascertaining the actual value of the machine, what plaintiff could have sold it for, or what it was worth to him, was inaccurate; but it was so explained and qualified by other portions of the charge that the jury may not have been misled.

We also think it was error to allow evidence, against plaintiff's objection, of the amount of grain defendant had to cut that year. Its ostensible object was to show the purpose for which defendant bought the machine. For this it was not material, and the evidence was liable to prejudice the case on the question of damages.

Apart from the fact that the plaintiffs manufactured the machine, the case does not appear to differ from ordinary sales of specific chattels, selected and purchased by the buyer for his own use, and upon his own judgment. The question whether, and under what circumstances, on such sales there is an implied warranty of quality, is one not free from doubt or difficulty, and is also of much importance, especially in view of the extent to which manufactured articles are put upon the market by the manufacturers, and sold through agents and dealers. In this case, however, the appellant did not except to, and does not now question, the correctness of the charge of the court upon the subject of implied warranty, and the case seems to have been tried upon the hypothesis that the evidence was sufficient to support such warranty. We do not deem it necessary or proper, therefore, to enter upon the consideration of the question here.

Order reversed.