A. N. MERRICK and another *vs.* EDWARD WILTSE and another.

May 25, 1887.

Sale—Warranty—Damages.—The general rule is that, upon a breach of a simple warranty upon the sale of a chattel, the measure of damages is the difference between the value of the property as it is represented and warranted and its actual value, with interest.

Same—Expenses.—In the case of a breach of warranty of a horse, no fraud appearing, subsequent expenses incurred by the vendee for medical examination or treatment *held* not recoverable as special damages, in addition to the general damages allowed under the rule stated.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial.

*Russell, Emery & Reed*, for appellants.

*L. R. Thian*, for respondents.

VANDERBURGH, J. Action for damages for breach of warranty of a horse. The court finds that the defendant warranted the horse to be perfectly kind and sound in every respect, and suitable for driving in the city of Minneapolis, but that, at the time of the sale, there existed some imperfection or unsoundness in his forefeet, by reason of which he was unfit for driving in the city, and which depreciated his market value in the sum of $75, which, with $23 expenses, was allowed as damages. The court also finds that, as soon as plaintiff commenced using the horse on the streets of this city, he became

lame, and has continued so, and that plaintiff necessarily expended in doctoring and endeavoring to ascertain the nature and cause of the lameness the sum of $23. The allowance of this last item is as- signed for error.

The general rule is that the measure of damages upon a breach of warranty is the difference between the value of the property as rep- resented and as it is found to be. The sum of $75, as found by the court, was therefore the proper measure of damages, unless there were special circumstances authorizing the trial court to allow extra or additional damages, and we do not think that such special circum- stances are shown in this case. *Freeman* v. *Clute*, 3 Barb. 424; *Wil- son* v. *Reedy*, 32 Minn. 256, (20 N. W. Rep. 153;) *Osborne* v. *Poket*, 33 Minn. 10, (21 N. W. Rep. 752.)

Under the rule as established in this state, the vendee cannot re- scind and return the property for a breach of warranty merely, there being no fraud. *Minneapolis Harvester Works* v. *Bonnallie*, 29 Minn. 373, (13 N. W. Rep. 149.) The title to the property passes, and, if the warranty is false, a cause of action accrues immediately, and compen- sation in damages is due at once. *Muller* v. *Eno*, 14 N. Y. 597, 605. If the animal did not prove to be reasonably fit for present use by rea- son of the defects complained of, there was, of course, a breach of the contract of warranty, (2 Schouler, Pers. Prop. § 339,) and this plaintiff was entitled to his damages measured by the rule stated; but his subsequent expenses for medical treatment or examination must be deemed to have been incurred for his own benefit. He was enabled thereby to obtain evidence of the nature of the defect, or the extent of the unsoundness, and perhaps improve the condition of his own property. We do not think that these expenses can be fairly consid- ered as additional damages, naturally resulting from the breach of the contract, or reasonably within the contemplation of the parties. making it. In the case of *Johnston Harvester Co.* v. *Clark*, 31 Minn. 165, (17 N. W. Rep. 111,) evidence of the cost of repairing a ma- chine was held competent, as tending to prove the nature and extent of the damages within the rule, but not in addition thereto.

The distinction between the case of a simple warranty and cases characterized by fraud, malice, or gross carelessness, or the case of

an executory contract of sale, where the buyer may return the property in certain contingencies, need not be considered. *Sharon* v. *Mosher*, 17 Barb. 518. We are aware that the courts in some of the states have adopted a broader rule, but the current of authority is as we have indicated. 1 Smith, Lead. Cas. (8th Ed.) 366.

The item of $23 was therefore erroneously included in the order for judgment, and the case will be remanded, with directions to render judgment for the plaintiffs for the sum of $75, and interest.