C. AULTMAN & Co. *vs.* C. J. FALKUM.

(November 30, 1891.)

Trial—Right to Open and Close—Discretion of Court.—In exercising the right conferred by Gen. St. 1878, c. 66, § 227, upon the trial court to direct that the defendant may open the case and make the closing argument to the jury, the court must exercise a sound discretion. No exact or arbitrary rule can be laid down for its guidance. *Held*, in the case at bar, that there was nothing in the record tending to show that the court did not exercise a sound discretion when directing that the defendant have the opening and closing.

Sale of Harvester with Written Warranty — Defence of Prior Oral Warranty.—*Held, further,* that the court did not err when submitting to the jury the defendant's contention that his signature to a certain order for a harvesting and binding machine, on the back of which was a printed warranty, was fraudulently obtained, and his further contention and claim that he purchased the machine with a verbal warranty.

Same—All Damages to be Recovered in One Action.—When charging the jury, the court alluded to the fact that the action was brought on the note first maturing of a series of three, given for the machine in question, and then charged that whatever sum was awarded the defendant as damages for breach of warranty must be given in this action. *Held*, that there was no error.

Same — Damages — Evidence — Conversation Preceding Contract. — Against plaintiff's objection, defendant was permitted to show what he said to plaintiff's agent when negotiating for the machine concerning the number of acres of flax he had to cut, and the size and extent of his harvest. *Held*, that such testimony was improper, and liable to prejudice plaintiff on the question of damages.

Action brought in the district court for Mower county, on a note of $50, being one of three of the same amount, given for the price of

a harvester sold and delivered by plaintiff (a corporation) to defendant. In his answer the defendant alleged that he bought the machine on a warranty and representations then made by plaintiff's agent, (fully set forth in the answer and materially different from the printed warranty which was pleaded in the reply,) that the representations and warranty were wholly false, and the machine was worthless, and defendant had been damaged in money spent and time lost by himself, his help, and his teams in trying to make the machine work and repairing it, in the sum of $200, for which judgment is demanded. In the reply the plaintiff pleaded a written contract for the purchase of the machine, signed by defendant, and stating that the machine was subject to the warranty printed on the back of it, and alleged that no other warranty was made. At the trial, before *Farmer*, J., the defendant had a verdict of $138.09. On his consenting to remit $43.20 of the verdict, the court refused a new trial, and the plaintiff appealed.

*Johnson & Catherwood* and *Edward E. Smith*, for appellant.

*Farmer & Allen* and *Lafayette French*, for respondent.

COLLINS, J. As the order denying a new trial in this action must be reversed because the court erred in one of its rulings as to the admissibility of certain testimony, receiving the same under plaintiff's objection, several of the assignments of error need not be noted in any manner, either in view of another trial or otherwise. Reference may well be made to one or two of these assignments, however, in addition to that on which the reversal is predicated.

1. The court allowed the defendant to open the case, and to make the closing argument to the jury. It is expressly provided by Gen. St. 1878, c. 66, § 227, that the plaintiff in an action shall open the case, and conclude the argument to the jury, unless, for special reasons, the court otherwise directs. This provision was considered in *Paine* v. *Smith*, 33 Minn. 495, (24 N. W. Rep. 305,) and it was said that this statute evidently leaves the order of trial, to some extent, to the discretion of the court. No exact or arbitrary rule can be laid down for the government of a trial court called upon to direct which of the parties shall open and close the case. Sound discretion must be used, and we fail to see from the record that such discretion was

not exercised by the learned court below, or that the appellant was injured by the ruling.

2. It was properly a question for the jury whether the defendant exercised ordinary care and diligence when signing the order for a machine, on the back of which was the printed warranty. It was undisputed that he could not read the order itself. There was much conflict of testimony as to when and where the purchase was made, and as to what was said to defendant by plaintiff's agents in respect to a warranty of the machine, and as to what representations were made by them when procuring his signature to the paper. Upon the testimony as it stood, the court could not say, as a matter of law, that defendant was negligent when signing the order. On the theory on which both parties seem to have tried the case, it follows that the court was right when submitting to the jury defendant's contention that his signature to the order was fraudulently obtained, and his further claim that he purchased the machine upon a verbal, and not a written or printed, warranty. But see *Maxfield* v. *Schwartz*, 45 Minn. 150, (47 N. W. Rep. 448.)

3. When charging the jury the court alluded to the fact that this action was brought upon the note first maturing of a series of three given for the machine in question, and then charged that whatever sum was awarded defendant as damages for breach of warranty must be given in the action at bar. This was the law, undoubtedly, and it was not error for the court to say so. The measure of damages applicable to the facts, in case the jury should find that the warranty was as claimed by defendant, had been correctly stated, and charging that defendant must recover all that he was entitled to at the present time was not, as counsel urge, equivalent to directing a verdict for defendant.

4. Against plaintiff's objection, the defendant's son was permitted to testify as to what was said by his father to plaintiff's agent, when negotiating for the machine, concerning the number of acres of flax he had to cut, and the size and extent of his harvest that year. This testimony had no bearing upon the issues. It did not tend to show that a verbal contract of warranty had been made, or, if made, what its terms and conditions were. It was of the same nature as the

testimony considered in *Johnston Harvester Co.* v. *Clark*, 31 Minn. 165, (17 N. W. Rep. 111,) and, as declared in that case, was improperly admitted, and liable to prejudice the plaintiff on the question of damages.    For this erroneous ruling a new trial must be had.

Order reversed.