PARK and others, Respondents, vs. RICHARDSON & BOYNTON Co., Appellant.

*September 30 — October 22, 1895.*

*Sale of chattels: Breach of warranty: Measure of damages.*

The measure of damages for breach of warranty in the sale of a furnace is not the difference between the purchase price and its actual value, but the difference between its actual value and its value if it had conformed to the warranty.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The plaintiffs bought of the defendant a furnace for heating their building. The furnace was warranted to work satisfactorily. It did not work satisfactorily. The plaintiffs brought this action to recover damages for the breach of the warranty. There was a jury trial, resulting in verdict and judgment for the plaintiffs, from which the defendant appeals. Error is alleged in the charge of the court as to the measure of damages. The court instructed the jury that, in

Park and others vs. Richardson & Boynton Co.

case they found for the plaintiffs, "the plaintiffs will be entitled to recover the difference between the purchase price of the furnace . . . and its actual value."

For the appellant the cause was submitted on the brief of *Brown & Pradt.*

For the respondents there was a brief by *Alban & Barnes,* and oral argument by *John Barnes.*

NEWMAN, J.   When this case was here before (81 Wis. 399), it was said that the proper rule of damages for breach of the warranty of the furnace would be "the difference between its actual value and its value had it conformed with the warranty."   This is undoubtedly the true rule.   Suth. Dam. (2d ed.), § 670; *Morse v. Hutchins,* 102 Mass. 440.   The rule stated by the trial court is not the equivalent of the true rule.   The rule of the trial court deprives the purchaser of the profit of his bargain if he has made a good one, and gives him an undue advantage if he has made a bad one.   The furnace may have been either cheap or dear at the price paid, even if it had conformed to the warranty.   If it was a bad bargain aside from the defects complained of, the plaintiffs' damages are less than if it had been a good bargain. This consideration is an element in the rule of damages. The question of the value of the furnace if it had conformed to the warranty should have been left to the jury, as well as the question of its actual value.   The defendant may have suffered by the error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.