[No. 9514. Department Two. September 13, 1911.]

ANNIE ABRAHAMSON *et al., Respondents,* v. WILLIAM CUMMINGS, *Appellant.*[1]

SALES—WARRANTY—BREACH—DAMAGES. In an action for breach of warranty of the soundness of a horse, the measure of damages is the difference between its actual value and its value if it had been as warranted, at the time and place of sale, and not the difference between the purchase price and its value if it had been as warranted.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error in instructing that the measure of damages for the breach of warranty of soundness of a horse is the difference between the purchase price and the value at the time of sale if it had been as warranted, instead of its actual value and the value if it had been as warranted, is harmless, where the evidence showed that the purchase price was the actual value at the time of the sale.

[1]Reported in 117 Pac. 709.

EVIDENCE—MATERIALITY—VALUE—PRICE PAID. Upon ·an issue as to the value of a horse sold by defendant at Seattle, evidence of the price paid for it by the defendant at North Yakima is inadmissible.

APPEAL—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—ESTOPPEL. In an action for breach of warranty of the soundness of a horse, defendant is estopped to allege error in an instruction as to the measure of damages based upon the purchase price instead of its actual value, where he objected to any evidence of its actual value as a matter not in issue; and took an exception not calculated to direct attention to the error, and raised the point for the first time in his reply brief.

Appeal from a judgment of the superior court for King county, Gay, J., entered January 28, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for breach of warranty. Affirmed.

*Elias A. Wright*, for appellant.

*Edward Von Tobel*, for respondents.

ELLIS, J.—Action to recover damages for breach of warranty. It is admitted that, on March 19, 1910, the respondents purchased from the appellant, at Seattle, Washington, a draft horse, and paid therefor $300, receiving from appellant a written guaranty that the animal was sound and true to work. The evidence shows that, soon after the purchase, the respondents discovered that the horse was afflicted with a disease of the hock joint, commonly called spavin. They used the horse in hauling brick from their brick yard at Georgetown to different points in Seattle, from the time of purchase till the latter part of May, but were obliged to let it rest every few days. The condition of the animal grew steadily worse until sometime in July, when it had to be killed. Much evidence was introduced tending to show that the killing was made necessary because of infection from negligent treatment by respondents. We regard this, however, as immaterial to the issue here. The jury returned a verdict for $150. The court overruled appellant's motion for new trial, and entered judg-

ment for that amount and costs. From the judgment, this appeal is prosecuted.

A number of assignments of error are predicated upon the admission of evidence and the court's instructions, but we find no merit in any of them save one. On the measure of damages, the court instructed the jury as follows:

"In this case he did not tender the horse back. He had elected to sue for his damage; and his damage, if the horse was unsound at the time that the plaintiff purchased it, the damage would be the difference between the price he paid, if any, and the reasonable value of the horse for any purpose. It does not mean his purpose for his kind of work, but for its reasonable value in the market for any purpose. And then he could recover for such sums as he had to pay out and necessarily had to pay out for medicines and doctor bills, being a matter of humanity that he take care of and see that the horse is treated."

This instruction is palpably erroneous. This was not an action to rescind the purchase and recover the purchase price, but to recover damages for breach of warranty. The measure of damages in such a case, according to the universal trend of authority, is the difference between the actual value of the property at the time and place of sale, and its actual value at the same time and place had it been what it was warranted to be. It is not the difference between the purchase price and the value if it had conformed to the warranty. *Cary v. Gruman,* 4 Hill (N. Y.) 625, 40 Am. Dec. 299; *Rutan v. Ludlam,* 29 N. J. L. 398; *Merrick v. Wiltse,* 37 Minn. 41, 33 N. W. 3; *Park v. Richardson & Boynton Co.,* 91 Wis. 189, 64 N. W. 859; *Pitsinowsky v. Beardsley, Hill & Co.,* 37 Iowa 9; *Morse v. Hutchins,* 102 Mass. 439; *Voorhees v. Earl & Kellogg,* 2 Hill (N. Y.) 288, 38 Am. Dec. 588; 30 Am. & Eng. Ency. Law (2d ed.), p. 209; 3 Sutherland, Damages (3d ed.), § 670.

But the error, in view of the evidence, was not prejudicial. No competent evidence was introduced or offered tending to show any specific value of the animal at the time and place

of purchase different from the purchase price. Nels Anderson, one of the respondents, testified that, if the horse had been sound, it would have been worth $300; but that as it was, it was worthless. J. M. Brewster, manager for respondents, testified that, had the horse been sound, it would have been worth $300, but in its unsound condition it was probably worth $75 or $100, for farm work. Moreover, the price paid by respondents, while not conclusive, was strong evidence of the actual value. The only evidence of a different value was that of Dr. Kidd, a veterinary surgeon, who testified as follows:

"She did not look like a $300 horse. It was a fair working horse, but the price that they said they gave for her I thought was too much."

He did not indicate any specific amount from which the jury could have found a different value even under a correct instruction. The evidence of the price paid by the appellant for the horse in North Yakima was incompetent for any purpose. It is manifest that, under the evidence, the error complained of could not have affected the verdict.

In any event, the appellant is estopped from urging this error. When the evidence of value was offered, objection was interposed on the ground that the question of reasonable value was not in issue, and that it was admitted that respondents paid $300 for the horse. Evidently proceeding upon this theory, the appellant offered no evidence as to reasonable value. In addition to this, the exception to the instruction was hardly calculated to direct the court's attention to the error now urged, but only to the part relating to the election of remedy, which part was unobjectionable. It is significant also that the point is raised for the first time in the reply brief.

The judgment is affirmed.

DUNBAR, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.