[No. 15327.    Department One.    October 15, 1919.]

CONNOR & GROGER, INCORPORATED, *Plaintiff*, v. FOREST MILLS OF BRITISH COLUMBIA, LIMITED, *Defendant*.[1]

SALES (165)—WARRANTY—BREACH — MEASURE OF DAMAGES. The measure of damages for breach of warranty as to the quality of a car of lumber sold is the difference between the actual value at the time and place of sale and its value at the same time and place had it been as warranted.

SAME (165). The measure of damages for breach of warranty as to the quality of lumber, sold upon a bill of lading without opportunity to inspect it and bought for resale at Duluth, Minnesota, cannot be shown by proof of its actual value in New York or Pennsylvania, where the seller had no notice it was to be diverted to any other market.

Cross-appeals from a judgment of the superior court for King county, Dykeman, J., entered January 22,

[1]Reported in 184 Pac. 319.

1919, upon findings in favor of the plaintiff, except as to an offset, in an action for damages for breach of warranty, tried to the court. Reversed on defendant's appeal.

*Baxter & Jones,* for plaintiff.

*Bronson, Robinson & Jones,* for defendant.

MITCHELL, J.—This cause was tried without a jury, upon the third amended complaint of Connor & Groger, Incorporated. After alleging that each party to the suit was a corporation, the complaint alleged, in substance, that in August, 1914, P. C. Leonard, doing business as the Alliance Lumber Company, of Seattle, Washington, in consideration of $1,200.17, purchased from defendant, Forest Mills of British Columbia, Limited, of Revelstoke, British Columbia, without opportunity of examination, a car load of lumber shipped from Comaplix, British Columbia, for delivery at Duluth, Minnesota, warranted to be "No. 1 and No. 2, clear red cedar siding, according to grades as established by the British Columbia Mountain Lumber Manufacturers Association"; that defendant knew P. C. Leonard, doing business as the Alliance Lumber Company, bought the lumber for resale, while the lumber was in transit; that P. C. Leonard sold it to Proctor & Groger, Incorporated [name since changed to Connor & Groger, Incorporated], under a warranty the same as originally sold by defendant; that Proctor & Groger, Incorporated, diverted the lumber and sent it to Wilkesbarre, Pennsylvania, where it resold the lumber to a dealer under the same kind of a warranty as to quality and grade; that, upon the arrival of the lumber at Wilkesbarre, it was discovered to be not up to grade or quality as warranted; that the dealer or customer at that place refused to accept it, and that the expenses

and charges incurred in disposing of it, and the difference in its value as it was and as it would have been had it been of the quality as warranted, caused plaintiff damages in the sum of $1,000. Paragraph seven of the complaint is as follows:

"That plaintiff called upon the said P. C. Leonard for payment for said damages so suffered, and said Leonard satisfied plaintiff's claim against him by assigning to plaintiff his right of action against the defendant, which plaintiff now holds."

A general demurrer to the complaint was filed, and upon its being overruled, defendant filed an answer, denying the allegations of the complaint, except it admitted it sold to Leonard the car of lumber and that the complaint contained a copy of the invoice. Further, the answer alleged affirmative matter which, with plaintiff's reply thereto, requires no discussion here. At the commencement of the trial, counsel for defendant, in effect reiterating its general demurrer, objected to the introduction of any evidence in support of the complaint.

The objection being overruled, the trial proceeded upon the theory that, upon showing the lumber to be of a quality inferior to the original warranty of defendant, the plaintiff's measure of damages would be the difference between the offer made by the dealer at Wilkesbarre, Pennsylvania, and the amount received there for the lumber, less necessary expenses and charges. The evidence to establish the amount of damages, which was received over specific objections made from time to time as well as the general objection by the defendant, showed, in substance, that the customer at Wilkesbarre, Pennsylvania, had agreed to pay plaintiff $1,827.02 for the lumber, which amount less freight of $355.52 would leave $1,471.50 plaintiff would have received for the lumber; whereas, after expenses, testi-

fied to have been necessary, in the sum of $308.94, the lumber was sold, a portion at Wilkesbarre, Pennsylvania, and the rest at Sidney, in the state of New York, for $705.68, leaving net the sum of $324.74, which taken from $1,471.50, which plaintiff would have received had the lumber been as originally warranted, leaves the sum of $1,146.76 loss.

The testimony shows Leonard was paid "$1,200 and better" for the lumber by plaintiff. Leonard, in writing, without stating the consideration therefor, assigned to plaintiff all his rights against defendant for shipping inferior stock. There was evidence tending to show much of the lumber was not up to the grade mentioned in the original sale by defendant, the effect of which is strongly challenged by defendant—an immaterial controversy as we view the whole case. The pleadings and proof are silent as to any specific damages or loss suffered by Leonard; nor is there any testimony to show the market conditions as to price for the grade of lumber claimed by plaintiff to have been actually sold by defendant to Leonard, at Duluth, Minnesota, or elsewhere than at Wilkesbarre, Pennsylvania, and Sidney, New York.

At the conclusion of plaintiff's proof, defendant moved for a nonsuit on the ground that no cause of action had been proven against it. The motion was denied, whereupon defendant introduced evidence in support of its affirmative answer. The court made findings of fact that plaintiff was entitled to damages in the sum of $1,146 and interest, and that defendant was entitled to an offset with interest, and entered judgment accordingly. Each party took proper exceptions to adverse findings and has appealed from that portion of the judgment adverse to it.

For the purposes of the case it may be assumed, as contended for by plaintiff, that the proof shows de-

fendant sold the lumber to Leonard knowing he intended to resell it, and that, under such circumstances, it is the law Leonard was justified in selling it under the same warranty or representations as to quality that he had purchased it, and that his customer could have recourse on him for damages if the quality of the lumber was inferior, which would be the measure of Leonard's loss as against defendant, although Leonard had not actually reimbursed his vendee. However, such assumption is upon the understanding that all the transactions occurred in the same place or market and about the same time. For the purposes of the case it may be further assumed, as contended for by plaintiff, that, when one sells lumber representing it to be of a certain grade, knowing his vendee intends to resell it, and the vendee does resell it with the same warranty or representation as to quality, and the subvendee sustains a loss by reason .of the inferior quality of the lumber, the subvendee may, in the absence of a judgment against his vendor, or any reimbursement other than an assignment of his vendor's right of action against the original vendor, sue and recover damages on the assignment against the original vendor, provided the proof and damages are within the scope of the liability involved in the sale by the original vendor. The qualifications just mentioned suggest the weakness of plaintiff's case. This is not an action to rescind the purchase and recover the purchase price, nor one for fraud and deceit, but one for breach of warranty or representations as to the quality of personal property. In the case of *Abrahamson v. Cummings*, 65 Wash. 35, 117 Pac. 709, this court, citing many cases, said:

"This was not an action to rescind the purchase and recover the purchase price, but to recover damages for breach of warranty. The measure of damages in such a case, according to the universal trend of authority,

is the difference between the actual value of the property at the time and place of sale, and its actual value at the same time and place had it been what it was warranted to be.''

If reliance be had upon the allegation and proof that Leonard purchased the lumber upon a bill of lading and sight draft, without any opportunity to examine the lumber, the answer is that, by his directions and according to the invoice he received, the lumber was shipped for delivery to him at Duluth, Minnesota, and there is no proof, either direct or by the slightest inference, that defendant ever had any notice or intimation the lumber was to be diverted to any other market, and it is plain the record contains no proof of the market value of such lumber as plaintiff claims it received, except at Wilkesbarre, Pennsylvania, and Sidney, New York.

Not having responded to the rule as to the measure of damages for the breach of such a contract, concerning time and place of the original sale and delivery, plaintiff was not entitled to recover. We understand defendant, waiving all claims on account of an offset allowed it in the judgment, insists upon its rights to a judgment of nonsuit. Our conclusion on defendant's appeal disposes of the cross-appeal without the necessity of any further comment thereon.

The judgment is reversed on defendant's appeal, and the cause is remanded with directions to the lower court to enter judgment of nonsuit in favor of defendant.

HOLCOMB, C. J., MACKINTOSH, TOLMAN, and MAIN, JJ., concur.