Dunck Tank Works, Inc., Appellant, vs. Sutherland, Trustee, Respondent.

*October 8—November 8, 1940.*

84

For the appellant there was a brief by *Weinstein & Kline* of Milwaukee, and oral argument by *Maurice Weinstein.*

*George S. Geffs,* attorney, and *Eli Block* of counsel, both of Janesville, for the respondent.

FAIRCHILD, J.    There was a conditional sales contract entered into August 8, 1933, under which the appellant was to deliver four pressure tanks to be used in respondent's brewery for the sum of $1,500.

Under the pleadings in this case appellant seeks to recover the agreed price of the goods delivered and the respondent seeks to recover on a counterclaim for breach of warranty. The tanks were porous and unfit for use as pressure tanks. They were never successfully used as pressure tanks, but were used from time to time as storage tanks. Other pressure tanks were purchased from other manufacturers in 1934 and 1935.

After tests had shown the porous quality of the tanks, respondent communicated the fact to appellant. Appellant advised respondent to apply a treatment to the heads of the tanks in the hope that the seepage would stop. This treatment failed to make the tanks useful as pressure tanks. One time in the summer of 1934 appellant sent repairmen to look at the tanks. A substance called mammet was placed on the tank heads, but this effort likewise failed to condition the tanks for use as pressure tanks.

The trial court did not make a formal finding on the question of the use of the tanks as storage tanks, but he did say in his memorandum opinion "the testimony further shows that although the tanks were unsuited for the purpose for which they were purchased, that they might be used for storage tanks." And evidence on the use of the tanks as storage tanks would permit of no other finding than that such tanks were at times put to such use.

There is a conflict in the evidence as to just what took place at the time appellant's representatives visited the brewery for the purpose of repairing the tanks. Appellant claims its agents were asked not to make repairs in the summer, and that although a promise was made to notify it when repairs could be made, no notice was ever given. Appellant's conclusion is that if the tanks are not as warranted, it is due to the failure of the respondent to permit the making of proper repairs. Respondent explains that its business operations would have been greatly interrupted, and that loss might have en-

sued, had repairs been made during the time of the visit of appellant's representatives, but that it at no time prevented such repairs from being made. Under the pleadings which are consistent with the course followed by the respondent and appellant, the question of repairs becomes immaterial. The buyer had no duty to request the seller to make good the breach of warranty before being entitled to damages. *Butler v. Titus,* 13 Wis. *429. A defect which amounts to a breach of warranty places upon the seller the duty to remedy without constant requests on the part of the buyer. Where there is a breach of warranty by the seller, the buyer may at his election accept and keep the goods and maintain an action against the seller for damages for the breach of warranty. Sec. 121.69 (1) (b), Stats. The tanks were installed in 1933 and they are still in respondent's brewery. They were useful as storage tanks; they were used as such; and in that capacity were worth $200 apiece. No other or special damages were pleaded or shown to have resulted from a breach of the warranty. Damages resulted only because the tanks had less value as storage tanks than they would have had as pressure tanks. The correct measure of damages is the difference between the contract price and the actual value of the tanks at the time of delivery. *J. I. Case Plow Works v. Niles & Scott Co.* 90 Wis. 590, 63 N. W. 1013; *Park v. Richardson & Boynton Co.* 91 Wis. 189, 64 N. W. 859; *J. Thompson Mfg. Co. v. Gunderson,* 106 Wis. 449, 82 N. W. 299; sec. 121.69 (7), Stats.

Judgment was granted in favor of respondent on its counterclaim and the $850 paid was returned as damages. The findings of the trial court that the warranty was made and that the tanks failed to meet the requirement of that warranty is amply supported by the testimony. But the evidence also showed that the tanks were retained and used as storage tanks and that they are suitable for that purpose.

Rescission is not involved. No attempt was made by the brewery to rescind the contract. The counterclaim for breach

of warranty and the fact that use was made of the tanks shows an intention not to rescind. Respondent failed to comply with one of the essential requirements of rescission which is that an unconditional offer to return the property be made. *Mallow v. Hall,* 209 Wis. 426, 245 N. W. 90; *J. L. Owens Co. v. Whitcomb,* 165 Wis. 92, 160 N. W. 161; 2 Restatement, Contracts, p. 752, § 400; secs. 121.48 and 121.69 (1) (d), (3), Stats.

The result of the dealings and exchanges between the parties is that the property in the goods passed to the buyer with the seller liable to the buyer for,the breach of warranty. Although there was a failure on the part of the seller to deliver goods of the character ordered, the retention and use of the goods by the buyer results in an acceptance of the goods as delivered and creates an obligation to pay a reasonable value therefor.

*By the Court.*—Cause remanded with directions to modify the judgment by reducing the amount thereof to $50 and when so modified the judgment is affirmed. Appellant to have costs on this appeal.