## CHARLES L. YALE

### *vs:*

## E. S. EDGERTON.

The defendant loaned to the plaintiff $300, which the latter promised to pay at a specified time, with certain interest, and at the same time assigned and delivered to the defendant a chattel mortgage, executed to the plaintiff, by a third person, to secure a debt amounting to about $1,600. Subsequently, the plaintiff paid the defendant $50 on account of his debt, and the time for the payment of the balance was extended a certain time, with interest specified. Afterwards, the defendant then holding the chattel mortgage, and debt secured thereby, as collateral security for the balance of the loan to the plaintiff, it was agreed between the defendant, the plaintiff, and the maker of the chattel mortgage, for a valid consideration, that the defendant should .discharge and satisfy the said chattel mortgage, and the debt of the mortgagor, secured by it, amount-

Yale v. Edgerton.

ing, at that time to $1,700, and should pay the plaintiff out of the first issue of the People's Bank, &c., the balance of the mortgage debt after deducting therefrom the amount of said loan to the plaintiff remaining unpaid, with the interest thereon; in pursuance of the agreement, the defendant satisfied and discharged the mortgage and the debt secured thereby. The only consideration for the plaintiff's consent to the satisfaction and discharge of the mortgage and debt was the promise to pay him the balance, and the first issue of the People's Bank was made afterwards, and before the commencement of this action. *Held,* that the basis of the action is the promise of the defendant to pay the plaintiff the balance of the mortgage debt, after deducting the loan from the defendant to the plaintiff. The consent of the plaintiff to the release and discharge absolutely, of the mortgage and debt by the defendant, is a sufficient consideration for his promise to the plaintiff, and the promise is an original one, and not within the statute of frauds, and need not be in writing.

To constitute a promise to answer for the debt, default or miscarriage of another person, within the meaning of the statute of frauds, the promise must be a collateral one ; there must be an original liability upon which the collateral promise is founded.

When the debt, which constitutes the consideration of the agreement, is entirely discharged, the promise is a new and an original one, and not a collateral one.

The admission of immaterial evidence, which works no harm, furnishes no ground for a new trial.

Circumstances which are introductory or explanatory of a principal fact to be established, when proved by competent testimony, are admissible evidence.

Certain allegations considered sufficient averment of the incorporation of a bank.

When affidavits made by the plaintiff in other proceedings are introduced to contradict the plaintiff's testimony on the trial, the plaintiff may be allowed to explain the circumstances under which the affidavits were made. If none of the answers of a witness could injure the party objecting to the testimony, an erroneous question, put to the witness, is not ground for a new trial.

This action was removed to this Court from the District Court for Ramsey county. The jury, before whom the

cause was tried, found a verdict for the plaintiff for $2,219.-
25. A motion for a new trial, which was made by the de-
fendant, was denied, and he appealed from the order deny-
ing the same to this Court. The case is so fully presented
in the opinion, in connection with the points of counsel, that
a further statement is unnecessary.

LAMPREYS for Appellant.

I.—The defendant insists that the testimony of the plain-
tiff, in folios 33 to 44 both inclusive, (this testimony was in
response to the question, put to the plaintiff as a witness by
his counsel: "State the arrangement between you and Mr.
Vaughn and Mr. Edgerton?" which was objected to by the
defendant as not the best evidence, incompetent and imma-
terial.—REPORTER.) in the case, was not the best evidence,
was incompetent and immaterial. The contract between
the plaintiff and A. B. Vaughn was reduced to writing and
the writing itself was the best evidence. Prior and contem-
poraneous conversations and negotiations were incompetent
and immaterial for any purpose, and should have been ex-
cluded.

II.—In order to charge the defendant upon the order or
draft drawn by the Minneapolis and Cedar Valley Railroad
Company in favor of A. B. Vaughn, or for the debt evi-
denced by said draft or order, an acceptance of such draft
or order in writing, by the defendant, must be shown. *Gen.
Stat., page* 227, *Sec.* 6.

III.—The testimony of the plaintiff as to the value of the
machinery, was improperly received, because no foundation
was laid for it, and it was incompetent and immaterial.

IV.—It was incompetent to show that A. B. Vaughn
was one of the directors of the Minneapolis and Cedar Val-

ley Railroad Company by parol.   Corporations must act by their officers, and their acts and doings must be shown by their records and proceedings reduced to writing.   All parol evidence in this cause of the doings of said Company was therefore improper.

V.—There was no allegation in the complaint that the People's Bank was ever incorporated or created under any act or law whatever, or was a corporation.   The evidence therefore in relation thereto, was incompetent and immaterial.

VI.—We insist that the defendant's testimony and offer to show that the defendant had not at any time any funds to pay the draft above mentioned, was improperly overruled.

VII.—The evidence of the plaintiff of the statements made by him to his attorneys, Babcock & Cotton, at the time he made the garnishee affidavits and when defendant was not present, and the questions propounded by plaintiff's attorneys in relation thereto, were certainly incompetent in every view of the case, and should have been excluded.

VIII.—The Court erred in charging the jury that the agreement set up in the complaint was sufficient to entitle the plaintiff to recover; and that if the plaintiff consented to the discharge of the mortgage upon the agreement set up in the complaint, it would be a sufficient consideration for the agreement.

IX.—We think the plaintiff in his complaint only claims that the defendant promised to pay a certain debt of A. B. Vaughn to the plaintiff, for a valuable consideration.   But every such promise must be in writing *expressing the consideration* and subscribed by the party to be charged.   *Stat.*, *page* 334, *Sec.* 6; 21 *N. Y. Rep.*, 412.

H. R. Bigelow for Respondent.

Yale v. Edgerton.

I.—The first point made by appellant is, in substance, that parol testimony of the agreement alleged in the complaint, was incompetent, because the contract between plaintiff and Vaughn was reduced to writing.

We did not attempt to prove a contract between plaintiff and Vaughn, but between plaintiff and defendant, or plaintiff, Vaughn and defendant ; but, were it otherwise, there is no evidence whatever that any contract between plaintiff and Vaughn was reduced to writing.

II.—The second point we will dismiss with the remark, that we do not sue nor claim to recover upon the draft ; and this disposes also of the sixth, for only in an action upon the draft could it become material whether the defendant had funds of the railroad company to meet it or not. The eighth point is so palpably frivolous, that we can hardly believe even the counsel serious in making it, though the charge of the Court, as the case shows, was not precisely as there represented ; and upon the ninth we have simply to say, the agreement alleged and proved in this case was not an undertaking to answer for the debt of another. It was not in any sense a collateral, but was a distinctly original agreement. *Vide* 2 *Parsons on Contracts, pages* 300 *to* 305 *inclusive.*

III.—Upon the third point, as to the competency of plaintiff to speak of the value of the mortgaged property, and as to the materiality of evidence to that point—having first shown that he had dealt in, and was familiar with, that kind of property, and that he was familiar with the particular property covered by the mortgage, his opinion was certainly competent upon the question of its value ; and if that question was material, evidence upon it, of course, could not be immaterial. But if the question of value was not material, it is obvious the testimony could work no in-

jury to the defendant, and hence its admission is no ground for a new trial, for " the admission of immaterial evidence, if it work no harm, furnishes no ground for a new trial." *Illingworth vs. Greenleaf* 11 *Minn. R.*, 235.

IV.—We are not aware of any rule rendering the records of a corporation the only competent evidence as to who are its officers, as claimed in defendant's fourth point, especially when, as in this case, it is not shown that there is any record evidence of the fact, nor that the corporation kept any records-at all.    Besides, we had already proved by Mr. Yale, without objection, that Vaughn was a director of the company.

V.—It is not true, as stated in the defendant's fifth point, that there is no allegation in the complaint that the People's Bank was incorporated, &c.   The plaintiff's allegations are sufficient in-this respect ; if they were not, the admissions in defendant's answer would cure the defect.

2.   The plaintiff's proof on the question was conclusive, and the defendant's objection that it was incompetent and immaterial does not reach the point that the fact was not alleged in the complaint.

3.   The defendant's own witnesses establish it, sufficiently at least, for the purposes of this suit.

4.   It is immaterial whether the bank was legally incorporated or not ; the case sufficiently shows what the defendant was to pay, and when he was to pay it; also when his default occurred ; and it is not for him now to deny that the " bank notes " issued by himself, and which he was bound to protect and take care of, were valid bank notes—were what the name given to them in both complaint and answer legally imports.

VI.—The defendant's seventh point is not well taken. He had introduced written statements, made by the plaintiff

years ago, which were, to some extent, apparently inconsistent with the statements now made by him on the trial. They were competent only with a view to discredit the plaintiff's testimony, and perhaps to show that the draft had been originally negotiated by Vaughn to him. It was clearly proper that he should be permitted, by way of explanation, to show the circumstances attending the making of the former statements, and reconcile those statements with his truthfulness if possible. But were the questions objected to improper, there is no ground for a new trial, for the testimony elicited by them could by no possibility harm the defendant. Nor does he say more in answer to the questions objected to than he had previously said without objection.

*By the Court*—McMILLAN, J.—The complaint in this action avers, in substance, that on the 1st of March, 1858, Edgerton, the defendant, loaned the plaintiff, Yale, $300, which Yale promised to pay on the first of June, 1858, with certain interest, and at the same time assigned and delivered to the defendant a chattel mortgage, before that time executed by one A. B. Vaughn to the plaintiff, upon certain personal property, consisting of a steam mill, and the machinery connected therewith, and also the debt of said Vaughn to the plaintiff, which said chattel mortgage was given to secure, amounting at that time to about $1600 ; that on the 1st of June, 1858, plaintiff paid $50 on the amount due from him to the defendant, and the time for the payment of the balance was extended until the 1st of September, 1858, the balance ($250) to draw interest at the rate of one per cent. per month ; that on the 22d of March, 1859, the defendant still holding the chattel mortgage and debt as collateral security for the payment of the said bal-

Yale v. Edgerton.

ance of said loan, it was agreed between the defendant, the said Vaughn, and the plaintiff, for a good and valid consideration, that the defendant should discharge and satisfy the said chattel mortgage, and the debt of Vaughn secured by it then due, and amounting with interest at that time to the sum of $1700, and that he should pay to the plaintiff out of the first issue of the People's Bank (which was about to be established under the laws of Minnesota by the defendant or under his control,) the balance of said sum of $1700, which should remain after deducting therefrom the amount of said loan to the plaintiff then remaining unpaid, and interest thereon; that the defendant did in pursuance of said agreement satisfy and discharge the chattel mortgage, and the debt secured by it; that the mortgage was adequate security for the payment of the mortgage debt, that the only consideration for the plaintiff's consent to the discharge and satisfaction of said mortgage and debt, was the promise of the defendant to pay him the balance as aforesaid. That the first issue of the notes of the People's Bank was made on or about the 1st of June, the said bank having been established by or under the control of the defendant; that the defendant has not paid the balance or any part of it.

The further facts as developed on the trial are, that the defendant had a certain arrangement with the M. & C. V. R. R. Co., by which he was to pay it certain moneys, and the R. R. Co. was indebted to Vaughn; the R. R. Co. drew an order, waiving acceptance, to the order of Vaughn on Edgerton, and the mortgage and mortgage debt was released and discharged by Edgerton with the consent of the plaintiff—the plaintiff's testimony tending to show that his consent to the release and discharge of the mortgage and debt, was solely on consideration of the defendant's promise to pay him, as alleged in the complaint—the defendant's

testimony tending to show that he never promised to pay the plaintiff as alleged, but that the order was accepted by Yale as the consideration for the discharge of the mortgage, and was left with defendant, with the understanding that he would collect it in the course of his negotiations with the Railroad Company if he could.

The jury having found for the plaintiff, the facts as claimed by the plaintiff must be regarded as established in the consideration of the exceptions in this case.

The action is clearly based upon the promise of the defendant to pay the plaintiff the balance of the debt secured by the mortgage after deducting the loan from the former to the latter. The second objection raised by the defendant is therefore not well taken. As the consideration of the defendant's promise is the consent of the plaintiff to the release and discharge absolutely of the mortgage and the mortgage debt by the defendant, it is a sufficient consideration, and the promise is an original one, and is not within the statute of frauds. To constitute a promise to answer for the debt, default or miscarriage of another person within the meaning of the statute of frauds, the promise must be a collateral one—there must be in existence an original liability upon which the collateral promise is founded. Where the debt which constitutes the consideration of the agreement is entirely discharged, the promise is a new and original one, and not a collateral one. It was not necessary therefore that the agreement relied on by the plaintiff in this case, should have been in writing, and there is no evidence that it was. Parol evidence of the contract was therefore proper. These views determine adversely to the defendant the first, eighth and ninth points raised by him.

Although the testimony as to the value of the property embraced in the mortgage may be regarded as immaterial,

we are unable to see that any injury could have resulted from it, since perhaps the only effect of the evidence is to establish a fact which in law is presumed. The admission of immaterial evidence which works no harm, furnishes no ground for a new trial. *Illingworth vs. Greenleaf*, 11 *Minn. R.* 235.

The fact that Vaughn was a director of the M. & C. V. R. R. Co., had been proved, without objection, by the plaintiff, before Vaughn was called to the stand, but if it had not been, the objection could not have prevailed. Whether Vaughn was legally a director of the company or not, was not in issue, and that he was acting as a director, could be proved by himself, or any other person. The fact that Vaughn and the other directors were here off and on in February and March, 1859, at the times of the company holding meetings at the International Hotel, and had business with the defendant, and that the character of the business was to negotiate bonds with Mr. Edgerton to raise funds for the company, that the bonds were State railroad bonds issued to the company; the fact that Edgerton paid the company $10,000, some of it in currency; some in city currency made negotiable by being endorsed by Edgerton, and that Vaughn received some of the money to pay off the company hands, and might have had some for himself, are all facts which could be proved by any person having a knowledge of them, and are merely stated as introductory or explanatory of the testimony with reference to the making of the draft by the R. R. Company on Edgerton in favor of Vaughn, upon which the chattel mortgage and debt was satisfied and discharged. Circumstances which are introductory or explanatory of a principal fact to be established, where proved by competent testimony, are admissible evidence.

It is also to be observed in this case that the defendant himself, when called as a witness, gave a much fuller and clearer statement of the circumstances attending the making of the draft. There was no attempt on the part of the plaintiff to prove the contents of the agreement between Mr. Edgerton and the Railroad company.

The fourth objection of the defendant is not well taken.

The complaint alleges that the People's Bank, at the time of the promise by defendant to plaintiff, to wit: March 22d, 1859, was about to be established under the laws of the State of Minnesota, by the said defendant or under his control, and that the first issue of bank notes of the People's Bank, above mentioned, was made on or about the first day ot June, A. D. 1859, the said bank having been established by or under the control of the defendant. The answer of the defendant admits and states " that the first issue of the bank notes of the People's Bank mentioned in said complaint was made on or about the 1st day of June." We think the allegations in the complaint taken together are sufficient to constitute an averment of the incorporation of the People's Bank; but if there is any doubt of this, the admission and averment in the answer, taken in connection with the complaint is sufficient for that purpose.

As the action is based upon the absolute promise of the defendant to pay the amount on the first issue of the notes of the People's Bank, and the defence is an express denial of the promise, it is manifestly immaterial in either case whether the Railroad company had funds in the hands of the defendant to pay the Vaughn order—the offer by the defendant to prove they had not was therefore properly rejected.

Affidavits, made by the plaintiff in other proceedings had some years before the commencement of this action, having

been introduced in evidence by the defendant to contradict the plaintiff's testimony on the trial, we are unable to see why the ruling of the court, that the plaintiff might be allowed to explain the circumstances under which the affidavits were made, was not correct. In any event, none of the answers of the witness on this subject could injure the defendant. An error in the form of the interrogatories to the witness is no ground for a new trial.

The order of the District Court denying the defendant's motion for a new trial is affirmed.