WILLIAM R. WOOD and Another v. CHARLES MICHAUD and Others.[2]

January 24, 1896.

Nos. 9626—(275).

**Reformation of Contract—Mistake.**

Evidence *held* sufficient to justify the reformation of a written contract on the ground of a mutual mistake of the parties.

**Sale by Description.**

Also, to justify findings that the contract between the parties was a sale by description, and not by sample, and that the goods delivered by the vendor conformed to the terms of the contract.

**Sale—Action for Price.**

In the case of a contract for the sale of goods, where the vendor has fully performed, he may maintain an action for the contract price of the goods, although the vendee has refused to accept them.

[1] Reported in 65 N. W. 938.

[2] Reported in 65 N. W. 963.

Action in the district court for Ramsey county by William R. Wood and another as co-partners doing business under the firm name and style of Cumberland Packing Company. From an order, Kelly, J., denying a motion for a new trial defendants appealed. Affirmed.

*Stevens, O'Brien, Cole & Albrecht,* for appellants.

*Cobb & Wheelwright,* for respondents.

MITCHELL, J. This was an action to recover the purchase price of goods alleged to have been sold and delivered under the following written contract:

"St. Paul, Minn., April 6th,1893.

"M. Michaud Bros.                                    Packing of 1893.

"Bought of Cumberland Packing Co., of the United Packers.

|  |  |  | Price per doz. |
|---|---|---|---|
| Four hundred (400) cases best corn, Maine sweet | | | $1.15 |
| Fifty | (50) " | succotash | 1.25 |
| Fifty | (50) " | Lima beans | 1.10 |

"F. O. B. in Portland, Maine, or point taking equal rate. Terms: 60 days' acceptance, or 1½ per ct. off for cash. Proportionate quantities to be delivered in case of short crop or unavoidable casualties.                    Michaud Bros., per Tenvoorde."

"Portland, Me., April 6th, 1893.

"Sold to M. Michaud Bro. Packing of 1893.
"By New Gloucester Packing Co., of the United Packers.

|  |  |  | Price per doz. |
|---|---|---|---|
| Four hundred (400) cases best corn, Maine sweet | | | $1.15 |
| Fifty | (50) " | succotash | 1.25 |
| Fifty | (50) " | Lima beans | 1.10 |

"F. O. B. in Portland, Maine, or point taking equal rate. Terms: 60 days' acceptance, or 1½ per ct. off for cash. Proportionate quantities to be delivered in case of short crop or unavoidable casualties.

"The United Packers,
"By L. P. Woodbury."

The plaintiffs also alleged that by mutual mistake the name of the "New Gloucester Packing Co." was inserted in the second part of this contract, instead of the "Cumberland Packing Co.," and asked that the contract be reformed in that respect.

1. Without going into the details of the evidence it is only necessary to say that it is very clearly established that the contract was between the plaintiffs and the defendants, and that the mistake in the writing was the result of inadvertently using a wrong blank. The defendants themselves, all through their answer, alleged that they made the contract with the plaintiffs.

2. The goods were delivered by the plaintiffs and received by the defendants, but the latter refused to accept them or pay for them, on the ground that they were not of the quality contracted for. The contention of the defendants was that the goods were sold by sample, the sample being a can of corn of the packing of 1892, exhibited to defendants by plaintiffs' agent, Woodbury, at and during the negotiations for the sale. Much of the argument of counsel is addressed to the question whether parol evidence was admissible for the purpose of showing that the sale was by sample; but it is not necessary to decide this question. All the parol evidence offered by the defendants on this point was received, and the findings of the court must be construed as meaning that the sale was not by sample, but by description, as contained in the written contract, and that the goods delivered conformed to the description in kind and quality. These findings were amply justified by the evidence.

To constitute a sale by sample, in the legal sense of that term, it must appear that the parties contracted solely in reference to the sample or article exhibited, and that both mutually understood that they were dealing with the sample with an understanding that the bulk was to be like it. Day v. Raguet, 14 Minn. 203 (273); Benjamin, Sales (6th Ed.) 643, and cases cited. Defendants' own evidence almost conclusively showed that the sale was not by sample. One fact, alone, need be referred to. The can of corn exhibited was of the packing of 1892. The corn contracted for was to be of the packing of 1893; and the crop of that year was not yet planted. It is a matter of common knowledge, which both parties must have understood, that the quality of the crop for different years may vary somewhat, and hence make some difference in the appearance and quality of the canned goods.

3. It is further claimed that, although the plaintiffs have fully performed, by delivering the goods in conformity with the contract, yet,

as the defendants have refused to accept them, plaintiffs' remedy is an action, not for the contract price, but for damages for the non-acceptance of the goods. If the contract was still executory on both sides, this would be the law. But plaintiffs, having fully performed, may maintain an action for the full contract price, although the defendants have refused to accept the goods. See Benjamin, Sales, (6th Ed.) 745, and cases cited.

Order affirmed.