MIAMISBURG TWINE & CORDAGE COMPANY v. J. F. WOHLHUTER
and Another.[1]

February 9, 1898.

Nos. 10,868—(238).

**Sale of Twine by Sample and Description—Warranty.**

Where goods are sold, not only by sample but by description as well,
with a warranty that they shall correspond with both the description
and sample, it is not sufficient that the bulk of the goods corresponds
with the sample, if the goods do not also correspond with the description;
and the vendee may retain the goods, and rely upon his warranty as to
description.

**Same—Breach—Verdict Sustained by Evidence—Damages.**

Evidence *held* to sustain the verdict to the effect that the twine here in
question was warranted, that there was a breach thereof, that the de-
fendants did not settle their claim for damages, and that they sustained
damages to the amount awarded to them.

Appeal by plaintiff from an order of the district court for Free-
born county, Whytock, J., denying its alternative motion for judg-
ment notwithstanding the verdict or for a new trial, after a verdict
for $220 in favor of the defendants.   Affirmed.

*Ripley & Brennan*, for appellant.

*John A. Lovely, W. E. Todd* and *H. C. Carlson*, for respondent.

START, C. J.

Action on a promissory note for $660, given for a part of the
purchase price of twine.   The answer set up a counterclaim to the
effect that the twine was represented and warranted to the plain-
tiff to be of good material, of pure Manila, of first-rate quality, and
in accordance with the sample exhibited to the defendants at the
time of the sale; that there was a breach of the warranty, whereby
the defendants sustained damages in the sum of $1,200.   The reply
denies that there was any warranty or sale by sample.   Verdict
for the defendants for $220.   The plaintiff appealed from an order
denying its alternative motion for judgment or a new trial.

1. The plaintiff claims that the sale was by sample, and not by

[1] Reported in 74 N. W. 175.

warranty, or, if it should be held that there was an express warranty, that it applies only to defects which were not apparent in the sample, and would not survive the acceptance, except as to such defects. The evidence was sufficient to establish the warranty claimed, and a breach thereof, but the plaintiff claims that the answer alleges only a sale by sample, and that there is no evidence that the twine delivered did not correspond with the sample.

The allegations of the answer in this respect are in these words:

"That, to induce the said defendants to purchase the said twine, the said plaintiff represented that the said twine was of good material, and was of the same quality and material as the sample which was exhibited to said defendants; and that the defendants, relying upon the statements of said plaintiff that the said twine was of pure Manila of first-class quality, and in accordance with the sample exhibited to said defendants at the time that they were so induced to purchase the same, gave an order for the said twine, and agreed that, in case the said twine was of pure Manila, and was in accordance with the sample exhibited to said defendants, at said time, that they, the said defendants, would pay therefor the full sum of twenty-three hundred and one and $^{40}/_{100}$ dollars ($2,301.40).

"That, relying upon said representations of said plaintiff, and not otherwise, the said defendants gave an order for said twine, and, in case the same fulfilled all of the conditions and representations of the said plaintiff, who warranted and agreed that the said twine should be as represented, and in accordance with said sample, that they, the said defendants, would pay therefor the sum of twenty-three hundred and one and $^{40}/_{100}$ dollars ($2,301.40)."

These allegations are to the effect that the twine was not only sold by sample, but by description as well, with an express warranty that it should correspond with both the description and the sample. In such a case it is not sufficient that the bulk of the goods corresponds with the sample, if the goods do not also correspond with the description, for there is a twofold warranty of conformity to sample and quality; and the vendee may retain the goods, and rely upon his warranty as to description. 1 Parsons, Cont. 578; Day v. Raguet, 14 Minn. 203 (273); Mandel v. Buttles, 21 Minn. 391; Wood v. Michaud, 63 Minn. 478, 65 N. W. 963; Josling v. Kingsford, 13 C. B. (N. S.) 447; Gould v. Stein, 149 Mass. 570, 23 N. E. 47; Morse v. Moore, 83 Me. 473, 22 Atl. 362; Northwestern v. Rice, 5 N. D. 432, 67 N. W. 298.

There being evidence in this case that the twine delivered did not correspond with the warranty as to quality, a prima facie case in favor of the defendants on their counterclaim was established, although no direct evidence was given that the twine did not correspond with the sample, or as to the character and quality of the sample.

2. The plaintiff further claims that all differences between the parties as to the quality of the twine were compromised and settled by plaintiff extending the time of payment for the twine, when it accepted the defendant's promissory notes, including the one here in question, for the purchase price of the twine. The evidence on this question made it one for the jury, and tends to show that there was neither a waiver nor a settlement of defendants' claims under the warranty, but that the notes were given upon an express reaffirmance of the warranty. True, the evidence on this point was conflicting, but the weight of it was for the jury.

3. The last claim made by plaintiff is that the damages allowed by the jury on the defendants' counterclaim were excessive. The purchase price of the twine was $2,301.40, and the damages allowed were $880, made up of the note, $660, and the affirmative verdict in defendants' favor of $220.

The measure of damages in this case was the difference between the value of the twine if it had been as represented and warranted and its actual value with its defects. In the absence of other evidence, the purchase price is prima facie its value, if it was as warranted. Minneapolis v. Bonnallie, 29 Minn. 373, 13 N. W. 149; Merrick v. Wiltse, 37 Minn. 41, 33 N. W. 3. This rule is not changed where the purchaser of a warranted article resells it for an equal or greater price than that which he paid for it. Brown v. Bigelow, 10 Allen, 242; J. I. Case v. Niles, 90 Wis. 590, 63 N. W. 1013. It does not appear in this case whether or not the defendants sold the twine without warranty, but it does appear that they in many instances took back the twine they had sold to farmers, and gave them other twine in its place. The evidence in this case tends to show that fully one-half of the twine in question was worthless.

The evidence reasonably sustains the damages as assessed by the jury.

Order affirmed.