C. L. PEMBERTON v. WILLIAM B. DEAN and Others.[1]

December 12, 1902.

Nos. 13,202—(170).

## Warranty of Goods by Maker.

Defendants, wholesale and retail dealers in hardware, purchased from the manufacturer thereof an emery wheel, upon which the manufacturer had placed a placard, which it is assumed constituted a warranty as to the speed capacity of the wheel. Defendants placed it in their stock, and sold it to plaintiff in the same condition it was when received from the manufacturer, but without any express representation as to its capacity or otherwise. *Held*, that defendants, by such sale, did not adopt the warranty of the manufacturer as their own.

Action in the district court for Ramsey county to recover $5,000 damages for breach of warranty on the sale of an emery wheel. The case was tried before Otis, J., who dismissed the action upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Humphrey Barton* and *John E. Samuelson*, for plaintiff.

*Stringer & Seymour*, for respondents.

The case of Schubert v. J. R. Clark Co., 49 Minn. 331, is decisive of the case at bar. Appellant pleads an express warranty, and there is no other warranty or representation or statement suggested in the evidence than the placard attached to the wheel. Appellant must, therefore, recover upon such express warranty,

[1] Reported in 92 N. W. 478.

or none, it being a well-recognized principle of law that an express warranty precludes an implied warranty. Case v. Niles, 90 Wis. 590. The wheel was sold in absolute good faith, with absolutely no knowledge upon respondents' part that any defect existed, if, in fact, any defect did exist. Under such conditions, even if the question of implied warranty could be considered, respondents could not be held under any implied warranty, as seems to be claimed by appellant in his brief. McKinnon v. Alpena, 102 Mich. 221.

There is no implied warranty as to a latent defect in the sale of chattels where the purchaser has the same opportunity of discovering such latent defect as the vendor, even where the seller is the manufacturer. White v. Stelloh, 74 Wis. 435; Eagan v. Call, 34 Pa. St. 236; Brantley v. Thomas, 22 Tex. 270; Stevens v. Smith, 21 Vt. 90; Gentilli v. Starace, 133 N. Y. 140; Livingston v. Stevenson, 163 Pa. St. 262; Doane v. Dunham, 79 Ill. 131; Armstrong v. Bufford, 51 Ala. 410. Implied warranty never arises except where the article purchased is known to the dealer to be intended for a specific and particular purpose, and where the buyer trusts to the judgment or skill of the dealer. Torkelson v. Jorgenson, 28 Minn. 383; Morris v. Bradley F. Co., 64 Fed. 56; Milwaukee v. Duncan, 87 Wis. 120. Where no fraud is charged, nor existed, and the buyer was allowed his time to exercise his judgment and to approve of the subject of the transaction of sale, the acceptance and retention of the goods concluded him, and there was neither warranty nor agreement by the seller which survived the transaction. Gentilli v. Starace, supra; Sprague v. Blake, 20 Wend. 61.

When the vendor is not the manufacturer, and the purchaser knows this fact, the former is not responsible for latent defects in the absence of proof of an express warranty or of fraud and deceit upon the part of the seller. Otts v. Alderson, 10 Smedes & M. 476; American v. Brady, 4 N. Y. App. Div. 95.

BROWN, J.

Action to recover damages for the breach of a warranty alleged to have been given on the sale by defendants to plaintiff of a certain emery wheel. The court below dismissed the action at the trial, and plaintiff appealed from an order denying a new trial.

The facts are as follows: At the time stated in the complaint, and for a number of years prior thereto, plaintiff was, and had been, engaged in the business of blacksmithing, in and about which business it was necessary to make use of an emery wheel for the purpose of sharpening tools. On October 1, 1901, he purchased of defendants such a wheel, and removed it to his place of business, and there made use of it. About October 30 of the same year, when engaged in operating the wheel in sharpening tools, the same broke, and a piece therefrom struck plaintiff, and severely injured his person. The complaint alleges that defendants represented and warranted, at the time of the sale of the wheel, that the same was well made, of good material, and capable of making eighteen hundred revolutions per minute; and that plaintiff relied upon such representations and warranty in making the purchase. This action was brought for damages, on the theory that the injury to plaintiff was the direct result of a defect in the wheel, and that defendants were liable as for a breach of the alleged warranty.

The only question we deem necessary to consider is whether the evidence establishes the allegations of the complaint that defendants warranted the wheel at the time of the sale. It was not manufactured by defendants, who were wholesale and retail dealers in heavy hardware, and kept wheels of the kind in stock for sale to the trade; but was manufactured by the Northampton Emery Wheel Company, of Massachusetts, from which company defendants purchased it, with others, in the usual course of trade. A printed card was placed by the manufacturers upon the face of the wheel, which contained the words "Northampton Emery Wheel Co.," the word "Speed," and opposite thereto the figures "1,800," indicating, as claimed by plaintiff, that the wheel was capable of being safely operated at the rate of eighteen hundred revolutions per minute. There were other words upon the card, together with the word "Warranted." This card was upon the wheel at the time it was purchased by plaintiff, and the contention of plaintiff is that the same constituted and amounted to a warranty on the part of defendants in respect to its quality and speed capacity; that, although it may have been placed upon the wheel by the manufac-

turers, defendants adopted it as their own by making the sale without removing it therefrom.

Conceding that the printed matter upon the face of the wheel was sufficient to constitute a warranty, we are unable to concur in the contention that it was the warranty of defendants. A warranty consists in representations and statements of and concerning the condition and quality of personal property, the subject of sale, made by the person making the sale to induce and bring it about. So far as the evidence in the case at bar shows, nothing whatever was said between the plaintiff and defendants concerning the condition or quality of this wheel, whether it was capable of making eighteen hundred revolutions per minute, or any other number of revolutions, or as to whether it was fit and suitable for any particular purpose. Attention was not called by either party to the alleged printed warranty, and, for aught that appears from the record, the same was not noticed by either at the time of the sale. Clearly, under such circumstances, the placard cannot be held to be the warranty of defendants, and to hold that they adopted the representations purporting to be thus made would be going far beyond any case to which our attention has been called. Whether the manufacturers would be liable to plaintiff upon this warranty, either upon the ground of neglect in the manufacture of the wheel or for a breach of warranty, is wholly irrelevant to the question. If it be granted that the manufacturers would not be liable, it by no means follows that defendants are. We are clear that the mere sale of the wheel by defendants with the printed matter pasted thereon, without other act or ceremony, did not amount to an express warranty on their part. The allegations of the complaint are not, therefore, sustained by the evidence, and the court correctly dismissed the action.

Neither can plaintiff recover upon the theory of an implied warranty. It may be, and doubtless is, true that there is an implied warranty in all cases where an article is manufactured and sold for a specific purpose that such article is fit and suitable for the purposes intended for it. But that rule can have no application to the case at bar, for plaintiff relies in his complaint, not

upon an implied, but upon an express warranty; and, besides, defendants were not the manufacturers of the wheel.

The order appealed from is affirmed.