MARGARET WILLIAMS v. MINNEAPOLIS STREET RAILWAY
COMPANY.[1]

December 12, 1902.

Nos. 13,238—(153).

:Negligence—Contributory Negligence.

> In a personal injury action, *held*, that the verdict was not manifestly
> and palpably against the evidence, that there was evidence reasonably
> tending to establish appellant's negligence in respect to keeping the
> paving in repair· at a crosswalk, and that the question of respondent's
> contributory negligence was one for the jury.

Action in the district court for Hennepin county to recover $1,155
for personal injuries resulting from a fall caused by defective
paving between defendant's railway tracks at a street crossing.
The case was tried before Pond, J., and a jury, which rendered a
verdict in favor of plaintiff for $666.66. -From an order denying a
motion for judgment notwithstanding the verdict or for a new
trial, defendant appealed.   Affirmed.  .

*Koon, Whelan & Bennett*, for appellant.

*F. H. Stevens*, for respondent.

LEWIS, J.

High street, in the city of Minneapolis, runs in front of the
Union Depot and across Hennepin avenue at right angles.   De-
fendant's street car tracks are laid upon High street, one branch
turning east and another west on Hennepin avenue; thus forming
a Y, in connection with which is a switch or frog.   This switch is
in the crossing in line with the sidewalk on the east side of Henne-
pin avenue, and is at a point where travelers would naturally pass
over it in crossing High street.   It was claimed by plaintiff that on
October 15, 1901, the paving was out of repair at certain places
between the street car tracks at and near the switch, and that on
that day, as she was passing across High street, she inadvertently
slipped into the depression; the toe of her shoe catching under the
car rail and throwing her to the ground, causing her injuries.   The

[1] Reported in 92 N. W. 479.

charge against defendant is that it was negligent in permitting the paving to be out of repair. The defense interposed was that the paving was not out of repair, and that plaintiff was guilty of contributory negligence. A verdict was returned for plaintiff, and defendant made the alternative motion for judgment notwithstanding the verdict or for a new trial. The same having been denied, one question only is presented upon this appeal, viz., was the verdict manifestly and palpably against the evidence?

We answer the question in the negative, and hold that there was evidence reasonably tending to establish negligence of appellant in respect to the condition of the paving, and that it was fairly a question for the jury to determine whether respondent was guilty of contributory negligence. A full discussion of the evidence is not necessary to a determination of this case, and would be of no value as an illustration of any particular principle of law. The apparent contradiction in respondent's testimony with reference to the manner in which she was injured, and her description of the depression into which she slipped, is not characterized by such inaccuracy as to conclusively indicate a fabrication; and the weight of her testimony, under all the circumstances, was for the jury to consider. The mere fact that several witnesses testified that the paving was not out of repair during the fall of 1901, after the accident, together with appellant's photographs, is not necessarily to be taken as representing the truth, in contradiction to respondent's photographs, her testimony, and that of the other two witnesses who saw and examined the locality. The truthfulness of these witnesses, the weight of their testimony, and the accuracy of the photographs, were all matters fairly within the province of the jury.

Respondent was not necessarily negligent because she knew of the condition of the pavement, and had it presently in mind. If her attention was diverted by approaching wagons, and she thus incautiously stepped into the hole, whether her conduct was that of an ordinarily prudent person, under such circumstances, was a question of fact, within the principle acknowledged in Maloy v. City of St. Paul, 54 Minn. 398, 56 N. W. 94.

Order affirmed.