# FRANK A. ALTMAN v. FURNITURE EXPOSITION MART, INC.[1]

January 18, 1952.

No. 35,622.

*Irvin E. Schermer,* for appellant.
*John F. Shaughnessy,* for respondent.

CHRISTIANSON, JUSTICE.

Defendant appeals from an order denying its alternative motion for judgment or a new trial after a verdict for plaintiff in the sum of $87.50.

The case involves an action for breach of warranty arising out of the sale by defendant to plaintiff of a suite of bedroom furniture consisting of a bed, chest, and vanity for $198.50. Since none of the trial court's rulings on evidence or its instructions to the jury have been assigned as error, the sole question presented is whether the evidence is sufficient to sustain the jury's verdict.

It appears without contradiction that about three months after the sale and delivery of the furniture to plaintiff knots in the

---

[1]Reported in 51 N. W. (2d) 96.

drawers of the chest began to fall out; the drawers would not open and close freely; the plywood separated and the glue would not hold; the walnut veneer chipped off at the corners of the vanity; and the mirror colored and became spotted. Thus, the record conclusively established defendant's liability for breach of implied warranty of fitness of the furniture for the purpose for which it was sold. M. S. A. 512.15(1) ; 5 Dunnell, Dig. & Supp. § 8576. The foregoing makes it unnecessary to consider whether any express warranties were made by defendant as to the quality or condition of said furniture. Furthermore, since none of the trial court's rulings with respect to the testimony on the issue of damages are challenged, and the only evidence on that issue was plaintiff's testimony, as owner of the furniture, that the reasonable market value thereof was $50, though he paid $198.50 therefor, the verdict was within the limits fixed by the evidence, and defendant is in no position to complain of the fact that the jury allowed plaintiff only $87.50 damages. Cf. McGrath v. Cunningham Merc. Co. 163 Minn. 416, 204 N. W. 322; Pioneer Elec. Co. v. McCurdy, 151 Minn. 304, 186 N. W. 776. It follows that the assignments of error present no grounds for reversal, and the order appealed from should be affirmed.

Affirmed.