# EDWARD RAPPAPORT AND OTHERS, *d. b. a.* NORTH-WESTERN AUTO PARTS COMPANY, v. BOYER & GILFILLAN MOTOR COMPANY.[1]

June 19, 1953.

No. 35,867.

[1]Reported in 59 N. W. (2d) 302.

*Haugland & Abdo,* for appellant.

*Leonard, Street & Deinard* and *S. Harry Gainsley,* for respondents.

LORING, CHIEF JUSTICE.

This is an action to recover damages for an alleged breach of warranty in the sale of 100 truck engines. The jury returned a verdict for plaintiff, and defendant appeals from the denial of his alternative motion for judgment or a new trial.

Resolving all conflicts and doubts in favor of plaintiff, the prevailing party, the facts appear to be as follows: Plaintiff, an automobile parts dealer, was under contract with the United States government to furnish, among other items, a number of truck engines suitable for installation in 1942 Ford army trucks. Plaintiff inquired of defendant, a franchised Ford agency, regarding the availability of "six-cylinder engines for the '42 to '48 model." Plaintiff testified that defendant's parts manager, after checking with the factory, told him that the original engine was not available but that the current model was available and was "completely interchangeable with the earlier model." There was also evidence that plaintiff told defendant's manager what the engines were to be used for. One engine was delivered to plaintiff with the understanding between the parties, according to plaintiff's testimony, that it was to be used only to determine whether certain special accessories would fit on the engine block. Plaintiff testified that he specifically told defendant's general manager that he had no truck for the purpose of determining whether the engine would fit properly. Plaintiff kept this engine approximately five weeks, which delay he claims was occasioned by a delay in obtaining the acces-

sories. Having determined that the accessories did fit, plaintiff ordered 100 additional engines. After replacement of certain accessories, the engines were delivered to the government arsenal. It was there determined that the engines would not fit the truck chassis, and they were returned to plaintiff. Both defendant and the Ford Motor Company refused to take these engines back, and this action followed.

■ Appellant contends that the evidence necessitates a conclusion that Boyer & Gilfillan Motor Company did not make any warranty or representation on its own behalf but merely transmitted information it had obtained from the factory. From the record it appears that there is ample evidence to sustain a finding that defendant's parts manager did represent, on behalf of defendant dealer, that the motors were interchangeable. It is not necessary to conclude, merely because a check was made with the factory, that the company made no representation on its own behalf. Nor does the fact that plaintiff knew that the company had confirmed the information with the factory in any way abrogate plaintiff's reliance on the representation of the dealer. A dealer is not automatically relieved of the responsibility of his representations merely because he verifies with the manufacturer the information that he furnishes his customer and informs the customer that he has made a verification. It is for the jury to decide from all the evidence of the oral transaction what was the evident purpose and intent of the parties in requesting and making representations. See, Shippen v. Bowen, 122 U. S. 575, 7 S. Ct. 1283, 30 L. ed. 1172; Distillers Distributing Corp. v. Sherwood Distilling Co. (4 Cir.) 180 F. (2d) 800. The evidence is sufficient to support a finding that defendant's agents warranted the interchangeability on behalf of defendant.

Appellant relies principally on Pemberton v. Dean, 88 Minn. 60, 92 N. W. 478, 60 L. R. A. 311. In that case, the claim of express warranty was based exclusively on the contention that the dealer, by selling the product without removing a printed card containing the manufacturer's warranty, adopted such warranty as his own. This court held that the dealer, by merely reselling the article, did

not adopt the attached printed warranty of the manufacturer. There was no claim that the dealer had said anything relative to the material contained on the printed card. As this court stated (88 Minn. 63, 92 N. W. 479):

"* * * Attention was not called by either party to the alleged printed warranty, and, for aught that appears from the record, the same was not noticed by either at the time of the sale."

The situation in the case at bar is clearly distinguishable. The evidence indicated that the purchaser asked the dealer's parts manager whether the product would serve a certain purpose; he was informed that it would but that the dealer would check further with the factory. After checking with the factory the dealer reaffirmed his representation. Although it is possible to place different interpretations upon the statements of the parts manager, there is abundant evidence to sustain a finding that such statements amounted to a warranty on behalf of the defendant.

■ The trial court denied defendant's request to give an instruction to the effect that, where a buyer has skill equal or superior to that of the seller and an opportunity to inspect the goods, there can be no reliance upon the skill and judgment of the seller. This limited statement neglects the important qualification that, although a buyer has the opportunity and skill to pass judgment upon goods, he may be induced not to do so by positive statements of the seller. If such statements are made for the purpose of inducing a sale and do induce it, there seems to be no reason why the seller should not be held liable. 1 Williston, Sales (Rev. ed.) § 202. The evidence is sufficient to support such a conclusion. See, Saunders v. Cowl, 201 Minn. 574, 277 N. W. 12. Defendant's proposed instruction on this point did not contain this important qualification and, therefore, was correctly denied.

■ The trial court also denied an instruction relating to a sale by sample. The instruction, as proposed, excluded a very important qualification material under the facts of this case; that is, that, if the terms of the bargain include a description, as well as a sample, the fact that it is a sale by sample does not relieve the

seller from the obligation of one who sells by description. M. S. A. 512.14; 1 Williston, Sales (Rev. ed.) § 226; Miamisburg Twine & Cordage Co. v. Wohlhuter, 71 Minn. 484, 74 N. W. 175. There was abundant evidence in the record that this was a sale by description. A buyer may rely on a warranty for protection even though he makes an inspection. Saunders v. Cowl, *supra*. The instruction, as requested, also seems to assume that there is a sale by sample and does not set out facts that must be found before it may be legally deemed such a transaction. Even if this instruction was complete, it is extremely doubtful whether the record could support a finding that the parties dealt solely with reference to the first motor delivered. See, Day v. Raguet, 14 Minn. 203 (273); 77 C. J. S., Sales, § 187.

■ Defendant also assigns as error the denial of the following instruction:

"No statement purporting to be a statement of the seller's opinion shall be construed as a warranty."

The language is from M. S. A. 512.12, the statutory provision relating to express warranties. However, the proposed instruction was not restricted to express warranties; nor was there any attempt to offer a definition of "opinion," as distinguished from a warranty. Furthermore, it appears from the evidence that, if the representation was made, there was no doubt but that it was a warranty on the part of someone, and in no sense could it be a mere opinion. Saunders v. Cowl, 201 Minn. 574, 277 N. W. 12. There is no error in the refusal of the instruction.

■ The final question presented is whether it was error for plaintiff's counsel in his closing argument to refer to a possible recovery over against the Ford Motor Company if defendant lost in this case. Part of the evidence is a third-party complaint by defendant herein against the Ford Motor Company, verified by Edgar W. Boyer, defendant's general manager. This complaint alleges that defendant here made certain warranties to plaintiff on the basis of information furnished by the Ford Motor Company and that any recovery this plaintiff gets from Boyer & Gilfillan

Motor Company should be paid to this defendant by the Ford Motor Company. No error is assigned relative to the receipt of this evidence, so for purposes of this appeal we shall assume that it was properly received and is properly to be considered as evidence.[2]

Immediately preceding the closing arguments, counsel for defendant asked the court not to permit plaintiff's counsel to refer to the statements in the third-party complaint as a judicial admission. The court instructed plaintiff's counsel not to indicate that the Boyer & Gilfillan Motor Company had recourse against the Ford Motor Company but indicated that counsel might mention that the Boyer & Gilfillan Motor Company *claims* to have recourse against the Ford Motor Company. Plaintiff's counsel concluded this discussion by stating that under Boyer's theory, as alleged in the cross complaint, "he hasn't anything to lose in this case." The court replied, "Perfectly all right on that basis." Apparently, defendant's counsel was satisfied at this point, since the record shows no further objection to this qualified permission.

*Defendant's* counsel, in his closing argument, made reference to the cross claim by stating, "If you were in Mr. Boyer's shoes, wouldn't you bring a lawsuit against Ford?" This obviously was intended to minimize the effect of the third-party complaint as an admission.

Plaintiff's counsel, in his closing argument, after first making it clear that the Ford Motor Company was not a party, went on to mention that Boyer claimed under oath that he could look to the Ford Motor Company for recovery of any amount plaintiff might receive in this action and:

"\* \* \* If he is correct, then neither party to this case has to lose on account of this transaction."

---

[2]Certainly, that part of the complaint that admits liability or admits making certain representations to plaintiff is proper evidence as an admission. 4 Wigmore, Evidence (3 ed.) § 1063, *et seq.;* Carpenter v. Tri-State T. & T. Co. 169 Minn. 287, 211 N. W. 463; Bakkensen v. Minneapolis St. Ry. Co. 184 Minn. 274, 238 N. W. 489.

No further objection was made to this matter after the argument. It was assigned as error on the motion for a new trial.

Ordinarily, the granting of a new trial on the grounds of misconduct of counsel rests almost entirely within the discretion of the trial court. 5 Dunnell, Dig. & Supp. § 7102. In this case, the complaint was admitted in evidence as an admission by defendant, and therefore any admission of liability to this plaintiff could properly be commented on. In the case at bar, the whole complaint was duly admitted without objection, and thus became proper evidence. Of course, comments of counsel in the closing arguments on properly received evidence is never error. See, Kassmir v. Prudential Ins. Co. 191 Minn. 340, 254 N. W. 446; Pearson v. Northland Transp. Co. 184 Minn. 560, 239 N. W. 602; 64 C. J., Trial, § 285. In any event, the court indicated prior to argument that such remarks would be permitted, and defendant made no objection, and, while, at the close of plaintiff's argument, defendant asked for an instruction that the Ford Motor Company was not in the case, he did not object to the remarks about defendant's recovery from that company. Thus, there is no ruling or objection on which to base error, if error there be.

The trial judge correctly submitted to the jury the five principal fact issues necessary to a finding of a breach of warranty. Without detailing the evidence, the record shows sufficient evidence to support findings in favor of plaintiff on all five issues submitted and to sustain the verdict on the basis of either express or implied warranty.

Affirmed.