Paul SCOVIL and Scovil Motor Co., Inc., Plaintiffs in Error,

v.

Charles CHILCOAT, Defendant in Error.

No. 40843.

Supreme Court of Oklahoma.

Jan. 24, 1967.

Cantrell, Douglass, Thompson & Wilson, by Kenneth J. Wilson, Oklahoma City, for plaintiffs in error.

Barry Albert, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The plaintiffs in error herein will be referred to as defendants and the defendant in error will be referred to as plaintiff in accordance with their respective positions in the trial court.

Plaintiff alleged that on October 22, 1960, he took his 1956 model Volkswagen to the place of business of defendant, Scovil Motor Co., Inc., for repairs; that due to the condition of the engine in plaintiff's automobile, the defendants' shop foreman recommended that rather than repairing the old engine, it would be more economical to install a new engine in such automobile; that the plaintiff discussed with the shop foreman the condition of the automobile's fire-wall cover, and that it was agreed such fire-wall cover should be replaced; that from the discussion, an oral contract was entered into with Paul Scovil and Scovil Motor Company, a corporation, for the installing, at a cost of $269.00, of a new engine and a new fire-wall cover in plaintiff's automobile; that, being advised that the repairs on his automobile were completed on October 27, 1960, the plaintiff called for it, paid $300.00 of the bill that was presented to him as charges for the engine installation and other parts and labor, and received the car and a written warranty of the Volkswagen manufacturer on which the name "Scovil Motors, Inc." was stamped in a space provided therein for the selling dealer to be designated. Plaintiff further alleged that although the defendants had specifically agreed to do so, they had failed to remove the old deteriorating fire-wall cover of his automobile; that, following the instructions of a mechanic in the employ of said defendants, plaintiff obtained and installed a hard-felt fire-wall in the proper place within the engine compartment for the purpose of preventing the engine's air intake from sucking into the engine particles of the worn fire-wall cover and particles of dirt; that plaintiff had inspections made of the engine and fire-wall at 500 miles at Downtown Motor Sales, Inc., (hereafter referred to as "Downtown"), another authorized Volkswagen agency, and was not told of any improper function of the engine or that the method of installation of the fire-wall cover was not a proper one; that shortly following such inspection the engine failed, requiring plaintiff to have the automobile towed in from Stillwater, Oklahoma, to the place of business of Downtown; that Downtown refused to comply with the manufacturer's written warranty and to furnish plaintiff with another motor or to repair the one in plaintiff's automobile. Plaintiff by his action in the trial court sought to recover from defendants, Paul Scovil and Scovil Motor Company, Inc., plaintiffs in error (and Downtown Motor Sales, Inc., technically not a party to the appeal) $269.00 for cost of the engine he had purchased from Scovil Motor Company, a corp., $50.00 expended for towing charges, $1000.00 for loss of use of his automobile, costs and attorney's fees.

Upon defendants' demurrer being overruled, they separately answered in form of general denials.

At the trial of this cause before a jury, the plaintiff testified, in brief, that several days after taking his automobile to defendant Scovil Motor, Inc., to be repaired, he was informed by such defendant that "they could not repair it [the engine] and guarantee it"; that such defendant stated that it would be better to install a new engine than to repair the old one; that the new engine "would be guaranteed for six thousand miles or six months, whichever occurred first " * * *; that upon taking delivery of the automobile after installation of the new engine, he was given a service booklet which contained a written warranty; that he had the new engine inspected by an authorized Volkswagen dealer as required in the service booklet; that the engine failed after being operated for approximately 750 miles; that upon failure of the engine, he had the automobile taken to Downtown; that he informed defendant Scovil Motor Co., Inc., where the automobile had been taken, and that said defendant stated "Downtown would make the inspection and that they were authorized Volkswagen dealers, and if they [Downtown] didn't take care of it, that they [Scovil] would." No other witness, either on behalf of the plaintiff or the defendant, testified.

The service booklet which contained provisions of the written warranty was introduced in evidence. This warranty is by the manufacturer, contains a statement that it is in lieu of all other warranties, and runs from Volkswagenwerk GMBH (the foreign manufacturer) to the purchaser.

At the close of the plaintiff's testimony, the court sustained defendants' demurrers to plaintiff's evidence. Thereafter the trial court sustained plaintiff's motion for new trial. Defendants Paul Scovil and Scovil Motor Co., Inc., have appealed.

The record shows that the trial court sustained the motion for new trial on the sole ground of error in having previously sustained the demurrer to the plaintiff's evidence.

Plaintiff makes the contention that his evidence made out a prima facie case and that as against the demurrer to the evidence he was entitled to have the court consider as true, all evidence presented that was favorable to him, together with all inferences that may be reasonably drawn therefrom, disregarding all conflicting evidence which was favorable to demurrants. We agree that this is a correct statement of law. Hanna v. Parish, Okl., 317 P.2d 745.

A demurrer to plaintiff's evidence should not be sustained unless there is an entire absence of proof tending to show a right to recover.

In passing upon such demurrer, we must determine whether admitting as true all the evidence favorable to plaintiff, together with such inferences as may be reasonably drawn from it, there was enough competent evidence to have reasonably sustained a verdict had the case been submitted to the jury and, as submitted, the jury had found for the plaintiff. Cooke v. Townley, Okl., 265 P.2d 1108.

Defendants' contention is that the evidence which plaintiff presented was insufficient to show that a valid contract existed between the parties here, that plaintiff relied on defendants' warranty, that there was a breach of the same, and that damage resulted to plaintiff from such breach— each essential to the maintaining of plaintiff's cause of action—and that the sustaining of defendants' demurrer to plaintiff's evidence was correct, and that therefore the subsequent order granting plaintiff a new trial was an abuse of discretion on the part of the trial court and constituted error. We shall consider defendants' propositions in the order presented.

The defendants first contend that the plaintiff's evidence submitted herein was not sufficient to establish that an express warranty, either written or oral, was made by the defendants, Paul Scovil and Scovil Motor Co., Inc., to the plaintiff. We do not agree.

It is true that the written express warrany contained in the service booklet presented to the plaintiff at the time he ac-

cepted delivery of the automobile was a manufacturer's warranty, running from such manufacturer to the purchaser (plaintiff). However, according to plaintiff's testimony, defendants stated, prior to plaintiff approving the installation of the new engine, that such engine "would be guaranteed for six thousand miles or six months. * * *"

■ In the Washington case of Cochran v. McDonald, 23 Wash.2d 348, 161 P. 2d 305, 306, the court, quoting 55 C.J., Sales, § 684, stated:

"A purchaser of personal property with warranty, who is reselling it to another adopts, by his conduct at the resale, the warranty of his seller, thereby assumes a warranty of the same character as that which was expressly accorded to him. The fact of resale does not of itself constitute an adoption of prior warranties so as to render the seller liable for failure of the goods to comply with such warranties; and this is true even though the words of warranty are physically affixed to the goods."

The above stated rule has been recognized in a number of other decisions. See Pemberton v. Dean, 88 Minn. 60, 92 N.W. 478, 60 L.R.A. 311; Orrison v. Ferrante, D. C.Mun.App., 72 A.2d 771; Wallace v. McCampbell, 178 Tenn. 224, 156 S.W.2d 442; 46 Am.Jur. Sales, § 313, p. 495.

In Orrison v. Ferrante, supra, 72 A.2d at p. 773, the Court, although stating that mere resale of an article to which a manufacturer's warranty was affixed did not constitute an adoption of the warranty by the seller, further stated that if "in addition [to such manufacturer's warranty] some affirmation of fact or promise by the seller himself which tends to induce the buyer to purchase the article" was present, such would be sufficient to constitute an adoption. (In this connection, for a discussion concerning adoption of new motor vehicle warranties by retailers see 99 A.L. R.2d 1419 et seq.)

■ In the instant case, from the plaintiff's testimony standing alone, it is our opinion that a jury could have found that, by their statement, the defendants adopted the written express warranty of the manufacturers. The evidence shows that the defendants said they could not repair the old engine and "guarantee it"; but that if a new engine were installed, it would be guaranteed for a specified number of miles or a specified period of time. Further, it is clear that the plaintiff was interested in having the work warranted. From the evidence, the jury could have found that such statement by defendants was an "affirmation of fact or promise by the seller himself" which tended to induce the plaintiff to purchase the new engine. If so found, defendants' statement would be an adoption by them of the manufacturer's written warranty.

■ Further, even if the statement made by the defendants relating to the warranty were not found to be an adoption of the manufacturer's warranty, it is our opinion that such statement could have been found to have constituted an express warranty on the part of the defendants.

In Wat Henry Pontiac Co. v. Bradley, 202 Okl. 82, 210 P.2d 348, we held, in paragraph one of the syllabus:

"To constitute an express warranty no particular form of words is necessary, and any affirmation of the quality or condition of the vehicle, not uttered as a matter of opinion or belief, made by the seller at the time of sale for the purpose of assuring the buyer of the truth of the fact and inducing such buyer to make the purchase, if so received and relied on by the buyer, is an express warranty."

In International Harvester Co. v. Lawyer, 56 Okl. 207, 155 P. 617, 618, we defined a warranty as follows:

"After a careful examination of the above-cited authorities, we conclude that warranty is a matter of intention. A decisive test is whether the vendor assumes to assert a fact of which the buyer is

ignorant, or merely states an opinion, or his judgment, upon a matter of which the vendor has no special knowledge, and on which the buyer may also be expected to have an opinion and to exercise his judgment. In the former case there is a warranty; in the latter case there is not * * *."

We are of the opinion the defendant's statement that the new engine "would be guaranteed for six thousand miles or six months" could have been found by the jury to have been an express warranty under the above quoted decisions. This statement does not appear to be an expression of opinion; rather, it appears to be a definite and unqualified statement that the engine was to be "guaranteed" for the specified time or distance.

■ Defendants argue that even if plaintiff relied on an oral warranty on the part of such defendants this warranty was merged into and superseded by the manufacturer's written warranty. This argument assumes that such statement relating to the warranty did not constitute an adoption of the written warranty. However, even granting their assumption, arguendo, we are of the opinion that a seller himself may make an express warranty concerning an article although the article is already covered by a written warranty of the manufacturer. See 46 Am.Jur., Sales, § 313, p. 495.

■ Defendants' second proposition contends that the "evidence fails to show reliance by plaintiff on any contract with defendants". In view of our discussion of defendants' first proposition and the evidence relating thereto, we are of the opinion that this contention is without merit. Plaintiff's evidence, standing alone, appears to establish that he relied on the statement of the defendants concerning the warranty of the engine.

Defendants' third proposition contends that the plaintiff failed to submit evidence establishing a breach of the warranty. The basis of this contention is that the disabled automobile was taken to Downtown and that the defendants "were never given an opportunity to see the engine and ascertain the cause of failure."

■ Again, we cannot agree with defendants. Plaintiff testified that he had, on the morning after the engine's failure, informed defendants of such engine failure and of the location of the automobile. He also testified that defendants, through an employee, agreed to the inspection of the automobile by Downtown, and that their employee stated that if Downtown did not make the repairs, they would. This testimony is uncontradicted, and, as such, establishes that defendants were aware of the engine failure and the automobile's location. It appears defendants could have personally inspected the automobile if they had so desired.

■ Defendants' fourth and last proposition contends that the evidence fails to establish any damages. At the time this cause of action arose, the measure of damages was controlled by 23 O.S.1961, § 34, which provides:

"The detriment caused by the breach of a warranty of the quality of personal property, is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

Defendants argue that no measurable damages were shown by the evidence. However, they stipulated that plaintiff paid $269.00 for the engine concerning which he complains.

Plaintiff testified that the engine ceased running, and could not be turned by either the starter mechanism or rotating the crankshaft. Upon inspection, a piston was found to have become welded to the outside perimeter of the cylinder. From this evidence, we are of the opinion a jury properly could have found that if the automobile were to be repaired, the installation of a new engine would be required. These damages, the cost of a replacement engine and its installation, were established

by the stipulation. For these reasons, defendants' fourth proposition is not well taken.

We note in passing that Oklahoma's Commercial Code (Title 12A O.S.1961, § 1–101 et seq.) had not become effective at any time involved in matters with which we are here concerned.

The trial court did not err in sustaining plaintiff's motion for new trial.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., dissents.